NEW-YORK, May, 1819.

JACKSON
v.
FRIER.

———————————

JACKSON, ex dem. LIVINGSTON & BOGERT, against FRIER.

THIS was an action of ejectment brought to recover part of lot No. 10. in township No. 9., in the second range of townships in *Ontario* county. The cause was tried before the late Chief Justice, at the *Ontario* circuit, in *June*, 1818.

It was admitted, that the title to the whole of the township in which the premises in question are situated, was formerly in *Oliver Phelps*, and *Nathaniel Gorham*, under whom both the parties claimed. *Phelps & Gorham*, by deed dated *January* 15th, 1789, conveyed the entire township to *Caleb Benton* in fee; and *Benton*, by deed dated *April* 27th, in the same year, conveyed the township to *Livingston*, one of the plaintiff's lessors.

The defendant gave in evidence a deed from *Benjamin Allen* to *Peter Loop*, dated the 25th of *September*, 1790, for lot No. 10., and called as a witness one *Powers*, who testified, that he was present at the execution of the deed from *Allen* to *Loop*, and then saw, in the possession of *Allen*, a deed from the lessor, *Livingston*, for several lots, of which No. 10. was one, but that he was not acquainted with the handwriting of *Livingston*; and that one *Hart*, and another person, whose name the witness could not recollect, were subscribing witnesses to the deed. The plaintiff's counsel objected to the competency of this testimony, and insisted that the defendant should not be permitted to give parol evidence of the contents of the pretended deed from *Li-*

*Evidence of the contents or execution of a deed, cannot be admitted, without the production of the deed itself, unless it is in the possession of the opposite party, and he refuses, on notice, to produce it, or unless it is lost or destroyed.*

*To prove the loss of a written instrument, it must be shown that diligent search and inquiry has been made of those persons in whose possession it would have been, had it ever existed.*

*The evidence of the loss of a written instrument, so as to lay a foundation for the introduction of inferior proof of its execution and contents, is addressed solely to the judge, who is to determine exclusively, without the intervention of*

the jury, whether it is sufficient to authorize the admission of secondary evidence. And in this, and similar cases, (such as the service of notice to produce a paper on the trial, or that a subscribing witness to a deed could not be found,) the rules in relation to testimony to a jury do not apply, but the judge may admit the evidence of an interested witness, or even, as it seems, of a party in the cause, to prove the loss of the deed, or other collateral fact.

NEW-YORK, *ringston* to *Allen*, without first proving its destruction or loss,
May, 1189. and then proving its execution by one of the subscribing
witnesses, or by proof of their hand writing, in case it should
JACKSON appear that the subscribing witnesses were dead, or were
v. without the jurisdiction of the Court.  But the Chief Jus-
FRIER. tice overruled the objection, and declared that he would
hear the evidence, as the jury must determine whether the
loss of the deed was sufficiently established ; that the de-
fendant might prove the execution of the deed, by any per-
son who was present, although not a subscribing witness,
and that such evidence would be competent and sufficient,
provided due diligence had been used to procure the sub-
scribing witness.

It appeared that *Allen* died several years ago, and that
he had a wife and family in *Rhode Island*.   Search had been
made for his papers, but there had never been any inquiry
of his wife and family.   Several witnesses were examined
as to the execution and contents of the alleged deed from
*Livingston ;* but the testimony was very feeble, and not one
of the persons who testified that they had seen the deed, was
acquainted with the handwriting of the grantor.

The Chief Justice charged the jury, that in his opinion,
the defendant had not sufficiently proved the loss of the
deed attempted to be set up, from *Livingston* to *Allen*, to
entitle him to give parol evidence of its contents, nor had
the execution and contents of the deed been sufficiently
proved ; and that, in his opinion, the plaintiff was entitled to
recover.   The jury, however, found a verdict for the de-
fendant, which it was now moved, on the part of the plain-
tiff, to set aside :

*E. Williams*, for the plaintiff.

*Parker*, contra.   He cited *Phillips' Ev.* 356. *n. c.*  3 *Bin-
ney's Rep.* 539.  192.   5 *Binney*, 348.   4 *Day's Rep.* 388.
8 *East*, 273.   3 *Johns. Rep.* 477.   *Peake's Ev.* 40. 98.

SPENCER, Ch. J. delivered the opinion of the Court.
It is an elementary rule that evidence of the execution
or contents of a deed, cannot be admitted, without the pro-

duction of the deed itself, unless it can be shown that it is in the possession of the opposite party, and he refuses to produce it, after regular notice, or that it is lost or destroyed.

The evidence of the loss of a deed is addressed to the Court alone ; and it is not a subject on which the jury are to pass. In the case of *Butler* v. *Warren*, (11 *Johns. Rep.* 57.) it is true, this Court considered the admission of an interested witness to prove the service of a notice on the defendant to produce a paper in his possession on the trial, preparatory to giving evidence of the contents of the paper, as an infraction of the rule of law, which precludes the admission of an interested witness to give evidence on the trial. But the well-settled distinction between evidence offered to the Court upon a collateral point, not for the consideration of the jury, and evidence in chief, was not adverted to in that case. And we are clearly of the opinion, that the decision in *Butler* v. *Warren*, cannot be supported. In *Forbes* v. *Wale*, (1 *Bl. Rep.* 532.) the issue was *non est factum*, in a suit on a bond. It became necessary to prove that the subscribing witnesses were dead, and the plaintiff himself was examined, as a witness to that point, and as preparatory to the proof of the hand writing. In *Godbolt*, 193., the Court refused to permit depositions of witnesses taken in the Court of Chancery, to be given in evidence, unless affidavit be made that the witnesses were dead. In *Godbolt*, 326., the Court said, that if the party cannot find a witness, he is, as it were, dead unto him, and his deposition in an *English* Court, (Chancery,) in a cause between the same parties may be allowed to be read to the jury, so as the party make oath that he did his endeavour to find the witness, but that he could not. In *Douglass*' lessee v. *Saunderson*, (2 *Dall.* 116.) the Supreme Court of *Pennsylvania* held, that the plaintiff was a good witness to prove the death of the subscribing witness, in order to let in evidence of the hand writing. I have considered the nature of this preliminary evidence, for the purpose of showing that it is not addressed to the jury, but is merely for the consideration of the Court. It follows, that the Chief Justice was mistaken in admitting the evi-

dence of the loss of the deed, with a view of its being passed upon by the jury.

If the evidence of the loss of the deed was sufficient, it would not be a ground for a new trial that it was submitted to the jury ; for, although that would be irregular, the party could not complain of any injustice to him, in consequence of that course of proceeding. That a particular deed existed is the most material inquiry ; the fact of its existence, and the contents of the deed, are matters to be tried by the jury. The loss of it must be made out, as a prerequisite, to the satisfaction of the Court. The law exacts nothing unreasonable in such a case. If the parol proof of the loss establishes the fact with reasonable certainty, that is sufficient, (8 *East*, 289. *Jackson* v. *Neely*, 10 *Johns. Rep.* 374.) No precise rule can be safely laid down upon this subject, further than this, that diligent search and inquiry should be made of those persons in whose custody the law presumes the deed to be, supposing it once to have existed. In this view, there is a material defect in the proofs, for no inquiry appears to have been made of the widow, or of any of the family of *Allen*. The presumption is, that they know where he died, and what became of his papers. At all events, they are more likely to have this knowledge than any other persons ; and it was indispensable to procure some evidence from some part of his family. The proof in the case is entirely inconclusive on the fact of the loss of the deed, if it ever existed ; and proof of the execution, or contents of the deed, ought not to have been admitted upon such slight evidence.

As to the evidence of the execution, and contents of the deed, it is unnecessary to say much, as it is presented in the case. It is of a suspicious character, though it seems it obtained credence from the jury.

There must be a new trial ; the costs to abide the event of the suit.

New trial granted.