# COURT OF APPEALS.

## DeWitt C. Graham and others, executors of David Graham agt. Peter Chrystal.

On the trial of an action brought by executors, for services of their testator as an *attorney and counsellor at law*, the defendant being a witness on his own behalf, should not be permitted to give the substance of a *written* any more than that of a verbal communication to him from the testator; even if the loss of the written communication is satisfactorily made out.

Besides, it would hardly be safe to allow the contents of a lost written instrument to be proved by such witness, who stated in answer to a question having reference to the writing, that "his recollection was too vague and shadowy—he thought that perhaps he might state the substance.

Where plaintiffs sought to impeach two of the defendants witnesses, by witnesses who swore that they had known them in former years: that their character was bad, and though they knew nothing of them for eight or ten years prior to the trial, they would not believe them under oath:

*Held,* that the evidence was properly admissible. The rule is, that if it is shown by the impeaching party that the character of the witness at a former period of his life had been bad, and thus a presumption is raised that it had so continued, it is in the power of the party thus sought to be impeached, to show that his present character is good, and thus repel the presumption.

*Interest* was allowed on the plaintiffs claim from the time when the last professional services were rendered, on the sum which the plaintiffs claim was then due.

A general *exception* to all the findings of the referee, both of law and fact except as to some enumerated ones, is not a sufficient exception to the *allowance of interest.*

It was stated that this whole case showed that the defendant was probably saved from a long and disgraceful imprisonment by the great professional skill and perseverance of the testator, in his defense; and the value of the services, $1250, were abundantly proved and found by the referee; and no exceptions on the trial were taken.

*September Term,* 1865.

APPEAL by the defendant from a judgment in favor of the plaintiffs, rendered at the general term.

HARRISON and WARING, *attorneys, and*
JOHN E. BURRILL, *counsel for appellant, defendant.*
CARPENTIER and BEACH, *attorneys and counsel for respondents, plaintiffs.*

CAMPBELL, J. The action was brought by the executors of the late David Graham to recover for professional services

Graham agt. Chrystal.

rendered by him for the defendant between October, 1845, and June, 1850. The referee found that the services were rendered both as attorney and counsellor, and that the defendant had promised to pay him in the most liberal manner; and that such services were reasonably worth the sum of one thousand two hundred and fifty dollars, of which sum only two hundred and fifty dollars had been paid, leaving due the sum of one thousand dollars and interest; but inasmuch as the plaintiffs had in their complaint only claimed to recover eight hundred and fifty dollars and interest—he ordered judgment for the latter sum.

The statute of limitations was interposed as a defense in this action, but was abandoned on the trial, it being conclusively established that the defendant had been, for the greater part of the time intervening between the rendering of the services and the commencement of this action, absent from the state. The value of the services were abundantly proved, not only by men eminent in the profession, but by those who were familiar and employed in the very criminal proceedings instituted and carried on against the defendant.

The principal contest on the trial, was on the question of payment; the defendant contending and giving some evidence tending to show that the two hundred and fifty dollars paid, had been received by Mr. Graham during his lifetime in full satisfaction and extinguishment of his claim for the services rendered.

In the progress of the trial, the defendant who was examined in his own behalf, testified, that he had received from Mr. Graham certain letters relating to monied transactions, and that he had looked among his papers and could not find them. When asked whether he could state the contents of them, he answered; "No, I could not state the precise words, but I think I could give the substance *perhaps.*" When asked by his counsel to state the substance, objections were made and sustained and exceptions were taken.

The writer of the letters had been dead for a number of

years at the time of the trial, and the action was by his executors, and it is to my mind very doubtful, whether the defendant testifying in his own behalf, even if the preliminary proofs of loss had been made out to the satisfaction of the referee, should have been permitted to give the substance of a written any more than that of a verbal communication to him; in either case the testator could not be present to contradict, to vary or explain, but the referee was not satisfied with the evidence of the loss of the letters, and of the sufficiency of this evidence he was to determine (*Jackson* agt. *Frier*, 16 *Johns.*, 193). But it was evidently right that the objection should be sustained on the ground, apparent from the answer of the defendant—that his recollection was too vague and shadowy. He thought that perhaps he might state the substance—it would hardly be safe to allow the contents of a lost written instrument to be proved by such a witness; I think the objection was well taken.

The defendant called two witnesses, Little and Porter, whom the plaintiffs sought to impeach. The impeaching witnesses had known the men Little and Porter in former years, and testified that their character was bad, and though they knew nothing of them for eight or ten years prior to the trial, were allowed further to testify that they would not believe them under oath.

The ruling was right and the evidence properly admitted. If not the most satisfactory, it was still competent. (*Sleeper* agt. *Van Middlesworth*, 4 *Denio.*, 431.) In this case, the inquiry was as to reputation four years previous, and it was truly said that no certain limit in point of duration could be laid down for such inquiries. If it is shown by the impeaching party that the character of the witness at a former period of his life has been bad and thus a presumption is raised that it had so continued, it is in the power of the party thus sought to be impeached to show as he did by witnesses in this case, that his present character is good and thus repel the presumption.

The defendant now contends that interest should only be allowed from the commencement of the suit, whereas the referee allowed interest from June 1850, the time when the last professional services were rendered. On principle there is no good reason why interest should not be allowed as claimed by the plaintiffs and found by the referee; when the services were rendered, they were worth the sum which the referee found as their value, and said sum was then due, and if not paid by reason of the inability or unwillingness to pay on the part of the defendant and said payments were deferred or delayed for several years, then full compensation as payment is only made when interest is added to said principal sum. But this case falls within the exception to the general rule as determined by *McMahon* agt. *New York and Erie R. R.* (20 *N. Y.*, 463). The defendant before the services were rendered, and while the criminal proceedings were pending, left the state and remained out of it, and his residence was unknown to the testator. He took no steps to ascertain his indebtedness, and gave no opportunity for a claim to be made or presented to him. He was clearly himself in default and cannot now complain that he is compelled to pay interest. Besides, there is no special exception to the allowance of interest; the exception is general to all the findings, both of law and fact, except as to some enumerated ones—as was said in *McMahon* agt. *New York and Erie R. R.* (*supra*), the exception to be of avail, should have pointed out the precise objection so that the plaintiffs might have had their election to remit the excess of interest.

There are no other exceptions that require any attention. The whole case shows, that the defendant was probably saved from a long and disgraceful imprisonment by the great professional skill and perseverance of the testator in his defense, and the value of the services they abundantly proved and found by the referee, and no exceptions on the trial were taken.

This judgment should be affirmed.