## GRAHAM v. CHRYSTAL.

December, 1865.

Affirming 1 *Abb. Pr. N. S.* 121.

A witness who merely thinks he could give the substance, perhaps, of a lost document, is not competent to prove its contents.*

Persons who have known nothing of a witness for eight or ten years prior to the trial, are nevertheless competent to impeach him by testifying that in former years his character was bad, and by testifying they would not believe him under oath; for no certain limit in point of duration can be laid down for such inquiries.†

On a claim for services, interest may be allowed without proof of a demand, when the debtor, by leaving the State, and having no fixed abode, prevented the creditor from making a demand.

A general exception to the conclusions of a referee does not enable the appellant to object to the erroneous allowance of interest. There should be a specific exception.

De Witt C. Graham and James S. Carpenter, executors, &c., of David Graham, deceased, sued Peter Chrystal, in the supreme court, for professional services as an attorney and counsellor-at-law, rendered for the defendant by the testator, at various times between October, 1845, and June, 1850. On the trial before a referee, the defendant gave some evidence tending to show that two hundred and fifty dollars had been received by Mr. Graham in his lifetime, in full satisfaction of his claim for the services rendered; and being examined in his own behalf, the defendant testified that he had received from Mr. Graham certain letters relating to moneyed transactions, and that he had looked among his papers and could not find them. When asked

---

* Compare Martin v. Cope, reported in this series.

† Otherwise, it seems, of the lapse of twenty-five years. Lake v. People 1 *Park. Cr.* 495.

whether he could state the contents of them, he answered, "No, I could not state the precise words, but think I could give the substance, perhaps." When asked by his counsel to state "the substance, objection was made and sustained, and exceptions taken.

The referee found that the services were rendered, and were reasonably worth one thousand two hundred and fifty dollars, from which two hundred and fifty dollars should be deducted as having been paid on account; that the plaintiffs were entitled to one thousand dollars, and interest; but having by their summons and complaint demanded judgment for only eight hundred and fifty dollars, he ordered judgment for that amount.

The defendant excepted generally "to each and every conclusion of law in the referee's report."

The judgment was affirmed by the court at general term, (1 *Abb. Pr. N. S.* 121,) and defendant appealed to this court.

*John E. Burrill,* for defendant, appellant.

*Carpentier & Beach,* for plaintiffs, respondents.

CAMPBELL, J. [After stating the facts.]—The writer of the letters had been dead for many years at the time of the trial, and the action was by his executors, and it is in my mind very doubtful whether the defendant, testifying in his own behalf, even if the preliminary proof of loss had been made out to the satisfaction of the referee, should have been permitted to give the substance of a written, any more than that of a verbal communication to him. In either case the testator could not be present to contradict, to vary or explain. But the referee was not satisfied with the evidence of the loss of the letters, and of the sufficiency of this evidence he was to determine. Jackson *v.* Frier, 16 *Johns.* 193. But it was eminently right that the objection should be sustained, on the ground, apparent from the answer of the defendant, that his recollection was too vague and shadowy. He thought that he might, perhaps, state the substance. It would hardly be safe to allow the contents of a lost written instrument to be proved by such a witness. I

Graham *v*. Chrystal.

think the objection was well taken. The defendant called two witnesses, Sittler and Porter, whom the plaintiffs sought to impeach. The impeaching witnesses had known these men, Sitler and Porter, in former years, and testified that their characters were bad, and, though they knew nothing of them for eight or ten years prior to the trial, were allowed further to testify that they would not believe them under oath. The ruling was right, and the evidence properly admitted. If not the most satisfactory, it was still competent. Sleeper *v.* Van Middlesworth, 4 *Den.* 431. In that case the inquiry was as to reputation four years previous, and it was truly said that no certain limit in point of duration could be laid down for such inquiries. If it is shown by the impeaching party that the character of the witness at a former period of his life had been bad, and thus a presumption is raised that it had continued, it is in the power of the party thus sought to be impeached, to show, as he did by witnesses in this case, that his present character is good, and thus repel the presumption.

· The defendant now contends that interest should only be allowed from the commencement of the suit, whereas the referee allowed interest from June, 1850, the time when the last professional services were rendered. On principle, there is no good reason why interest should not be allowed as claimed by plaintiff and found by referee. When the services were rendered they were worth the sum which the referee found as their value, and such sum was then due, and if not paid by reason of the inability or unwillingness to pay on the part of the defendant, and such payment was deferred or delayed for several years, then full compensation or payment is only made when interest is added to such principal sum. But this case falls within the exception to the general rule as determined in McMahon *v.* New York & Erie R. R. Co., 20 *N. Y.* 463. The defendant, before the services were ended, and while the criminal proceedings were pending, left the State and remained out of it, and his residence was unknown to the testator. He took no steps to ascertain his indebtedness, and gave no opportunity for a claim to be made or presented to him. He was clearly himself in default, and cannot now complain that he is compelled to pay interest. Besides, there is no special exception

Graham *v.* Chrystal.

to the allowance of interest. The exception is general to all the findings, both of law and fact, except as to some enumerated ones. As was said in McMahon *v.* New York & Erie R. R. Co., *supra,* the exception, to be of avail, should have pointed out the precise objections, so that the plaintiffs might have had their election to remit the excess of interest.

There are no other exceptions that require any attention. The whole case shows that the defendant was probably saved from a long and disgraceful imprisonment by the great professional skill and perseverance of the testator in his defense, and the value of the services being abundantly proved, and found by the referee, and there being no exceptions on the trial well taken, this judgment should be affirmed.

WRIGHT, J.—[After stating the facts.]—The allowance of interest on the amount of the recovery from June 1, 1850, is now insisted on as a ground of error. Usually, interest is not recoverable when the claim is unliquidated and no bill furnished or demand made before suit brought. In this case, however, my brethren are of the opinion that the allowance was right. About June 1, 1850, the defendant left the State unknown to the plaintiffs' testator, and continued absent in some of the Southern States or California, until 1860. He left without inquiry as to the amount of the claim against him. No bill could be furnished or demand of payment made in his absence, for the testator and his representatives were ignorant of his location, he having no permanent one. In 1860, when he returned to the State, and the fact came to the knowledge of the plaintiffs that he was again in the city of New York, they forthwith demanded payment of the claim, which was refused on the ground that he had paid the testator in full for the services. The tendency of recent decisions is to relax the rigid rules that once prevailed in respect to awarding interest. Had a demand of payment been made, in this case, upon the full rendition of the services, the right to interest would have been in no way doubtful; but the defendant fled the State about that time, wandering about in other states without any fixed abode, rendering a demand impossible. Under these circumstances, the allowance of interest on the claim is but just.

But, apart from this, in my opinion, the defendant is not in a position to avail himself of the error, if it be an error to have allowed interest, for the want of a proper exception. The exceptions taken, it will be observed, are in the most general form. It is conceded that interest was allowable from the time of the demand, which preceded the suit, in 1860. The exception should have been made specific if the defendant intended to object to the time for which it was allowed. It should have stated from what time interest should have been computed, so as to have given the plaintiffs an opportunity of remitting the excess, and thus avoid the consequence of the error. But nothing of this kind was done, the defendant contenting himself with a general exception to the referee's conclusions of law that the plaintiffs were entitled to recover a gross sum, composed of principal and interest, from a stated period.

The other exceptions relate to the admission or rejection of evidence. I have examined them carefully, and have reached the conclusion that none are tenable.

The judgment should be affirmed.

All the judges concurred.

Judgment affirmed, with costs.