## OPPENHEIMER v. WALKER.

*Mortgage — priority between liens — surplus moneys on foreclosure sale — successive liens upon parts of same property — order of sale at foreclosure — Suretyship — rights of surety.*

Plaintiff held a mortgage on three lots for $6,500. Afterward a mortgage was given by the owners to secure a bond made by them to C., upon two of the lots. This mortgage also covered lands of the wife of one of the owners. After this, M. filed a mechanic's lien for the erection of three houses on the three lots. Plaintiff foreclosed his mortgage; the three lots were sold together for $12,600, from which sum plaintiff's mortgage was paid. The lots were each of equal value. *Held* (1), that the mortgage of C. was entitled to priority in payment out of the surplus; (2) that C. had the right to have the lot not covered by his mortgage first sold, and the proceeds applied toward the payment of plaintiff's mortgage, but his failure to do so worked no injustice to M.; and did not affect the right of C. to the surplus, and (3) that the mortgage to C. of the lands of the owner's wife being in the nature of a surety, C. could not and was not compelled, as against M., to resort first to those lands for payment.

APPEAL by Bridget McNiff, administratrix, etc., from an order at special term, confirming the report of a referee as to the distribution of certain surplus moneys.

The action was brought by Henry Oppenheimer against Stuart S. Walker and others, to foreclose a mortgage. All necessary facts appear in the opinion.

*Wm. C. Trull,* for appellant.

*A. C. Thomas,* for respondent.

LAWRENCE, J. This action was brought to foreclose a mortgage upon three lots of land, situate on the southerly side of Seventy-fourth street, between the Second and First avenues, in the city of New York. Judgment having been rendered for the plaintiff, the mortgaged property was sold. After the payment of taxes and assessments, which were liens upon the mortgaged premises at the time of the sale, and the costs and expenses in the action, there remained as proceeds of the sale, the sum of $12,638.48, and after deducting therefrom the sum of $6,524.93, the amount due the plaintiff for principal and interest, there remained a surplus of $6,113.55, as to the proper disposition of which surplus this controversy has arisen. It appears from the report of the referee, that on the 11th of February, 1873, the defendants Stuart S. Walker and Andrew F. Wilson, and their respective wives, executed to the respondent, Samuel Cooper, a mortgage upon two of the three lots covered by the plaintiff's mortgage, to secure the payment of a bond for $5,000, with interest, and that at the time of the referee's report there was due upon the said bond and mortgage the sum of $5,621.12, including the sum of $100 paid by said Cooper for premiums in procuring insurance upon the buildings erected upon said premises, the mortgagors having made default upon their covenants to effect such insurance. The mortgage executed to Cooper also covered other property, a portion of which had been sold under foreclosure of prior mortgages, producing only a surplus, after satisfying said prior mortgage, of $18.85.

The appellant, Bridget McNiff, is the administratrix of James McNiff. James McNiff had a contract with Walker & Wilson, the mortgagors, to do certain work in and about the erection of three houses upon the three lots covered by the plaintiff's mortgage, and on the 7th of April, 1873, he filed a mechanic's lien upon the houses for the sum of $1,950 for work done by him under his contract, and unpaid by the owners, Walker and Wilson. The referee reported, that out of the surplus remaining after paying the taxes and assessments and the costs and expenses, and the principal and interest due to the plaintiff, Cooper, was entitled to be paid the full amount due to him, $5,621.12, and that the balance remaining after such payment and after payment of the costs, expenses, and allowances, in this proceeding, should be paid to the appellant as the administratrix of James McNiff.

I am of opinion that the referee correctly held that Cooper was

entitled to have the full amount due to him satisfied out of the surplus, before making any payments to the appellant. It is well settled that where a creditor has a lien upon two funds for the security of his debt, and another party has an interest in only one of the funds, without any right to resort to the other, equity will compel the creditor to satisfy his debt, if possible, out of the fund in which he alone has an interest. *Ingalls* v. *Morgan*, 10 N. Y. 179; *James* v. *Hubbard*, 1 Paige, 235; *Cheesbrough* v. *Millard*, 1 Johns. Ch. 409; *Evertson* v. *Booth*, 19 Johns. 486. And "the rule in equity requiring parcels of land incumbered by a judgment, or mortgage, to be subjected in the inverse order of their alienation by the debtor, is a branch of this rule." *Ingalls* v. *Morgan*, 10 N. Y. 186, per DENIO, J., citing many cases.

It follows from this rule that the respondent, Cooper, as between the plaintiff and himself, had the right to have the third lot, which was covered by the plaintiff's mortgage, and not by his mortgage first sold, and the proceeds arising from such sale applied to the payment of the plaintiff's mortgage, and this right of the respondent had attached long before the appellant's intestate filed and acquired his lien. The only difficulty in this case arises from the fact that the three lots were not sold separately, but in one parcel.

The difficulty, however, is only apparent and not real, for the reason that the referee has found that each of the lots was of equal value, $4,212.82 ; and that each lot contributed that amount toward the net sum produced by the sale, and the rule can therefore be applied by the court, with as much certainty as if there had been a separate sale of each lot. It results then, that the whole proceeds of the sale of the third lot were more than exhausted in satisfying the plaintiff's claim, and that after paying the excess due to the plaintiff after exhausting the whole of such proceeds, Cooper had the first lien upon the remaining two lots. It is urged by the appellant's counsel, that Cooper should have made his claim for a sale in parcels prior to the sale, and that not having elected to do so, he is precluded from now alleging as against the appellant, that the plaintiff's claim should first have been satisfied out of the third lot.

I do not regard this point as well taken. *First*, Because the finding of the referee as to the value of each of the lots, and as to the amount for which each of the lots actually sold, enables the court to apply the rule above stated as certainly as if the sale had been made in separate parcels. *Second*, Because no actual injus-

tice is done to the appellant in the application of the rule. The right of Cooper was fixed at the time McNiff filed his lien, and he must be deemed to have known that his lien was subject to the right of Cooper to have the proceeds arising from the sale of the third lot. first applied to the satisfaction of the plaintiff's mortgage.

It is further urged by the appellant's counsel, that as Cooper's mortgage covered other property than that in question here, he should be compelled to resort first to that security for the payment of his mortgage. The answer to this point seems to me to be found in the fact that it appears by the referee's report, that one of the other parcels of land covered by Cooper's mortgage, has already been sold to satisfy a prior mortgage, and has produced only a surplus of $18.85, and also in the fact that the remaining property subject to said mortgage, as the referee has found, did not belong to either of the mortgagors, but was a part of the separate estate of Mrs. Walker, who was not liable for the debt, and became only a surety for its payment, and who was therefore entitled to have the debt first satisfied out of the property of the principal debtors.

The remaining point urged by the appellant's counsel, is that the referee erred in imposing the entire costs of the proceedings upon the appellant.

Upon looking at the exceptions contained in the case, I find no exception upon this point specifically. The general exception to the report "for various other errors, insufficiencies and inaccuracies," is, in my opinion, too general to permit the raising of the point upon appeal. *Graham* v. *Christal*, 2 Abb. Ct. App. 263; *Newell* v. *Doty*, 33 N. Y. 83. Even conceding that the point can properly be raised here, I am of opinion that the order directing the expenses of the proceedings to be paid out of the fund, in regard to which the parties were contending, was in accordance with well-settled practice. 2 Barb. Ch. Pr. 333.

The appellant does not contend that the costs and expenses as allowed were excessive or erroneous in amount, and I know of no reason in the absence of such an allegation on the part of the appellant why they should not be paid out of the fund.

If the views above expressed are sound, it results that the order appealed from should be affirmed.

The order is affirmed with costs and disbursements.

*Ordered accordingly.*