(16 Misc. Rep. 59.)

GOELET et al. v. LAWLOR et al.

(Supreme Court, Appellate Term, First Department. February 26, 1896.)

LANDLORD AND TENANT—PROCEEDING FOR POSSESSION—EVIDENCE.

In a summary proceeding by a landlord against the tenant for posses-
sion, on the ground that the premises were used as a bawdy house (Code
§ 2231, subd. 5), the petition, after setting out the facts, alleged that the
premises "are now being used and occupied as a bawdy house and house of
assignation for lewd persons," etc. *Held*, that it was error to exclude evi-
dence offered to show that the premises were kept as a bawdy house con-
tinuously for over three months before proceeding was commenced, and
limit the proof of what occurred there to two weeks before suit was
commenced.

Appeal from Fourth district court.

Summary proceeding by Robert Goelet and others against Julia
Lawlor and others to recover possession of certain premises leased by
plaintiffs to one of defendants, who leased to the other defendant.
From a final order in favor of defendants, plaintiffs appeal. Reversed.

Argued before McADAM and BISCHOFF, JJ.

De Witt, Lochman & De Witt, for appellants.
M. F. McGoldrick, for appellee tenant.
Hoffman & Hoffman, for appellee undertenant.

McADAM, J.    As the justice at the close of the landlords' case
overruled the various objections made by the attorneys for the ten-
ant and undertenant, and apparently agreed with the landlords in
their view of the law, it is not necessary to consider the questions
thus raised.    There was no such severance of the tenancy as would
operate to defeat the proceeding.

The justice took evidence pro and con, and, after reserving his de-
cision, finally found for the tenants.    As no reasons have been as-
signed for the decision, we will assume, from the rulings at the trial,
that the justice found for the tenants on the facts.    This leads to
the inquiry whether the exceptions taken by the landlords to the ex-
clusion of evidence require a reversal of the order.

The proceeding was instituted by the landlords to recover posses-
sion of the premises No. 93 Bowery, known as the "Shelbourne Ho-
tel," upon the ground specified in the fifth subdivision of section 2231
of the Code.    The petition, after setting forth the facts, alleged that
"the said premises are now being used and occupied as a bawdy house,
and house of assignation for lewd persons, for purposes of prostitu-
tion, and as a place of resort for such persons for similar purposes."
The charge was denied, and, in their effort to establish it, the land-
lords called several witnesses, among them police officers, to prove
what occurred from June, 1895, up to October 11, 1895, when the
proceeding was begun.    The justice excluded all evidence of what oc-
curred prior to October 1, 1895, saying he would exclude all testi-
mony as to the character of the premises in the months of June and
September, and admit testimony on that point for a reasonable time
prior to the commencement of the proceeding; and, according to the
rulings subsequently made, everything which occurred prior to the

latter part of September, 1895, was held not to be within such reasonable time.    The landlords' counsel excepted. to the ruling, and stated he proposed to prove that the premises were kept as a bawdy house from June continuously.    This statement was made to demonstrate the materiality of the proofs offered, if the purpose was not otherwise apparent.    The occupants of the premises were the same during the entire period covered by the proposed inquiry;  and, when a condition of things is once established, there is a legal presumption of continuance.    Thus, as was said by the court of appeals, in Wilkins v. Earle, 44 N. Y., at page 192:

"A partnership, once established, is presumed to continue. Life is presumed to exist. Possession is presumed to continue. The fact that a man was a gambler 20 months since justifies the presumption that he continues to be one. An adulterous intercourse is presumed to continue. So of ownership and nonresidence."

And see McMahon v. Harrison, 6 N. Y. 443;  Graham v. Chrystal, 2 Abb. Dec. 263;  Smith v. Smith, 4 Paige, 432.

The evidence excluded was certainly material on the question of scienter.    It might have established that the same women had, from June until October, frequented the premises with different men, and occupied rooms, so as to exclude the idea of surreptitious immoral use of the premises, without the knowledge or acquiescence of those in the responsible control and direction of them.    It was not intended to show isolated acts, but a systematic, continuous course of pandering to vice, from June to October 11th, when the proceeding was instituted.    It might, if it had been received, have furnished such strong corroboration of the landlords' proof as to lead to a different conclusion from that arrived at· by the justice.    The allegation, in the petition, that the premises "are now being used and occupied as a bawdy house," etc., did not necessarily mean that they, at the date of the petition, were for the first time being so used.    It opened a broad field of inquiry, whether the premises were then, and had prior thereto been, devoted to that purpose;  and the longer they had been so used, if the use was continuous, the stronger the case presented against the evil doers would have become.

The offense charged consisted of a series of transactions;  and where they ·intermix, as they do in cases of this kind, the court must go through with the detail.    Rosc. Cr. Ev. (10th Ed.) 90, 91.    As, in counterfeiting, it is competent to receive evidence of other transactions, though they amount to distinct offenses, and of the demeanor of the prisoner on other occasions, from which it might be fairly inferred the prisoner was conscious of his guilt while he was doing the act charged in the indictment, so, in regard to the charge of fraud, evidence of contemporaneous frauds may be given in corroboration of evidence of the fraud complained of, and the proofs may, when taken together, clearly establish the offense.    See 1 Phil. Ev. (Cow., H. & E. Notes) 750, 751, and cases collated in 3 Abb. Dig. (New Ed.) p. 206, par. 3081.

In a charge made up of independent acts of a continuous character, like that in question, it is dangerous to confine the complaining party to a period of two weeks.    Courts are more liberal than this in ad-

mitting proof of contemporaneous frauds. Bliss v. Sickles, 142 N. Y., at pages .649, 650, 36 N. E. 1064. To put a barrier at such a period, and say to a complaining party that he cannot go beyond it, may exclude the strongest proofs he has at hand; and, while the limit may be to an extent discretionary, we think the discretion was not wisely exercised in this instance.

When an objection to evidence has once been made and overruled, it is not requisite to repeat the objection, if subsequent questions call for the same class of evidence relating to the same subject-matter. Church v. Howard, 79 N. Y. 415, 421. And where competent evidence has been rejected, error is proved, and injury will be inferred. Greene v. White, 37 N. Y. 405, and kindred cases.

For these reasons, and without passing on the other questions presented by the record, the final order must be reversed, and a new trial ordered, with costs to the appellants to abide the event.