MANDELBAUM et al. v. FROMBERG et al.

(Supreme Court, Appellate Term.   November 10, 1911.)

1. LANDLORD AND TENANT (§ 134*)—UNLAWFUL USE OF PREMISES—KNOWL-
   EDGE OF TENANT.
       A tenant, in summary proceedings brought by his landlord, under Code
   Civ. Proc. § 2231, subd. 5, for possession on the ground that the prem-
   ises were used as a bawdyhouse, who admits possession, cannot be
   heard to say that he did not know that the premises were so conducted.
       [Ed. Note.—For other cases, see Landlord and Tenant, Dec. Dig. §
   134.*]

2. LANDLORD AND TENANT (§ 308*)—SUMMARY PROCEEDINGS—EVIDENCE.
       In summary proceedings by a landlord, under Code Civ. Proc. § 2231,
   subd. 5, for the possession of the premises on the ground that they were
   used as a bawdyhouse, evidence *held* to show that the tenant had full
   knowledge that the premises were so used, authorizing relief.
       [Ed. Note.—For other cases, see Landlord and Tenant, Dec. Dig. §
   308.*]

Appeal from Municipal Court, Borough of Manhattan, Ninth Dis-
trict.

Summary proceedings by Harris Mandelbaum and another against
Charles J. Fromberg and others.  From an order granting defendants
Charles J. Fromberg and another a new trial, and vacating a judgment
of removal, the landlords appeal.  Reversed, and judgment reinstated.

Argued before SEABURY, GUY, and COHALAN, JJ.

Eisman, Levy, Corn & Lewine (Louis Franklin Levy and Joseph J.
Corn, of counsel), for appellants.

Henry J. Goldsmith, for respondents.

PER CURIAM.   This is a summary proceeding, brought by the
landlords under subdivision 5, § 2231, of the Code of Civil Procedure,
which provides that tenants and their assigns and undertenants may be
removed:

"Where the demised premises, or any part thereof, are used or occupied
as a bawdyhouse or house of assignation for lewd persons, or for any illegal
trade or manufacture, or other illegal business."

The premises in question are known as the "Princess Hotel," and
are situate at the northeast corner of Sixth avenue and Twenty-Eighth
street.  The only tenants who appeared herein were Charles J. From-
berg and Beatrice Hirsch, who interposed an answer to the petition,
whereby they admitted that they were in possession of the premises,
and denied each and every other allegation in the petition.

The trial was had in the court below on April 27, 1911, and a final
order directing the issuance of a warrant for the removal of the ten-
ants was made.  Thereafter, on May 15, 1911, the justice issued an
order to show cause why the final order should not be vacated, upon
the exceptions taken at the trial, and because the said final order or
judgment was contrary to the evidence and contrary to law.  There-
upon the justice, without opinion, made an order, dated June 2, 1911,
vacating the final order and granting a new trial.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The only questions raised were: First, were these premises conducted as a bawdyhouse or house of assignation for lewd persons? and, second, did the answering tenants know, or have reason to know, that the premises were being conducted for such purposes?

The uncontradicted testimony of 11 police officers and of a business man doing business three doors from the premises conclusively established that the premises were used and occupied as a bawdyhouse or house of assignation. It is not necessary to comment on the evidence. It discloses an unspeakable condition, and establishes beyond any doubt the commission, by people of bad reputation, of unlawful acts on the premises.

[1] The evidence further establishes beyond any question that the answering tenants knew that the premises were being conducted as a bawdyhouse. The character of the neighborhood, and the continuance of the unlawful acts down to the date of the petition, when the answering tenants are admittedly in possession, shows that they knew of the acts committed. They cannot admit possession of the premises and be heard to say that they did not know of what went on in the premises. Goelet v. Lawlor, 16 Misc. Rep. 59, 61, 37 N. Y. Supp. 691.

[2] The tenants did not testify in their own behalf, nor call any witnesses to deny or explain away the presumption that they knew what was going on in the premises, concededly in their possession. The only evidence offered by the tenants was the entire record in a certain dispossess proceeding brought in the Municipal Court, in January, 1911, by the tenants, Fromberg and Hirsch, against their own corporation, the Universal Hotel Company. In the petition in that proceeding, Fromberg swore that the same premises were used and occupied as a bawdyhouse. From that record it is seen that Fromberg and Hirsch on January 26, 1911, had full and absolute knowledge that the premises were being used for illegal purposes.

There is no merit in any of the exceptions taken by the answering tenants to the admission of evidence, and after a careful examination of the record we think the order should be reversed.

Order reversed, and final order and judgment reinstated, with costs to appellants in this court and in the court below.