In the Matter of the Application of the City of New York Relative to Acquiring Certain Lands, etc., in the Block Bounded by Chauncey Street, Marion Street, Hopkinson and Rockaway Avenues, for Use by the Department of Highways as a Storage Yard.

Second Department, February 28, 1913.

Municipal corporations — street opening proceedings — report of commission not final adjudication as to title — deed — description.

A report of a commission in proceedings to open a street, pursuant to the procedure prescribed for the former city of Brooklyn, is not of the character of a final adjudication as to title so as to bar a claimant for an award from establishing his right thereto as against a recipient described as owner in such report.

The description "my six (6) acre lot where my new home is now building," *held*, to prevail over a further description contained in another deed.

Motion to confirm report of referee.

*Watson & Kristeller, William J. Pape* and *Robert Connor,* for the motion.

*Charles C. Clark,* opposed.

Per Curiam:

The motion to confirm the report of the referee is granted. The opinion of Crane, J., in *Brooklyn, Queens County & Suburban R. R. Co.* v. *Bird* (76 Misc. Rep. 62; affd., 152 App. Div. 932) discusses several points made in opposition to this

motion, so that there are but two which now require any expression from us.

*First.* We think that the report of a commission in proceedings to open a street pursuant to the procedure prescribed for the former city of Brooklyn is not of the character of a final adjudication as to title so as to bar a claimant of an award from establishing his right thereto as against a recipient, described as owner in such report. This question was presented upon a motion for a new trial in the case cited *supra,* and we think was determined correctly. The opinion of CRANE, J., handed down upon a denial of the motion, may be found in 78 Miscellaneous Reports, 683. The primary function of such commissioners was to ascertain the expense of the contemplated improvement, and this of course required a determination of the value of the realty affected. Inasmuch as compensation must be made to the respective owners of the realty affected it was proper that the apparent owners should be determined and indicated specifically in the report. But we think that it was never intended that such a determination should have the finality of a judgment that was *res adjudicata* as to the title, although it did protect the city in its payment of the award to the apparent owner.

*Second.* We think that the contention of the heirs of Bailey should not prevail. The conveyance from Ryerson to Duryea conveyed the fee of the northerly half of the roadbed. (*Van Winkle* v. *Van Winkle,* 184 N. Y. 193.) We think that the description "My six (6) acre lot where my new home is now building" must prevail over the further description stated by Sarah Duryea in her bill of foreclosure, and added by the master in chancery in the conveyance to her under the foreclosure sale. (See *Bernstein* v. *Nealis,* 144 N. Y. 347; *Schoenewald* v. *Rosenstein,* 25 N. Y. St. Repr. 964; *Brookman* v. *Kurzman,* 94 N. Y. 272.) The first description was employed by the devisor to Sarah Duryea, life tenant, and to John Bailey, remainderman. It was likewise employed in the mortgage made by the said Bailey to the said Duryea. It was used in the said Duryea's bill of foreclosure, and also by the said master in chancery in his said conveyance. As well suggested by the learned counsel for the Duryea heirs, Sarah Duryea was

not a grantor. Her survey was entirely voluntary, and her purpose was to afford what she supposed, as indicated by her expressions in the bill, was a more definite description of the usable real estate, perhaps, to prospective purchasers at the foreclosure sale, but she did not intend to limit her rights. The mortgagor intended to mortgage his entire parcel, and the mortgagee intended to foreclose all of the interest of the mortgagor. The amount of the mortgage, with interest, was more than $1,000, while the sale realized about $400. This does away with any presumption that there was satisfaction of the debt by a sale of but part of the land covered by the mortgage.

Jenks, P. J., Burr, Thomas, Carr and Woodward, JJ., concurred.

Report of referee confirmed.