Cushing v. Vanderbilt.

THOMAS CUSHING, *against* PETER J. VANDERBILT.

[SPECIAL TERM.]

(Decided February 8th, 1878.)

Where, on appeal from a judgment of a District Court of the city of New York to this court, the appellant desires, in addition to a reversal of the judgment, the restitution of money collected from him under an execution on the judgment appealed from, he should apply at the time of arguing his appeal for restitution in case the judgment should be reversed, and in case he omits to do so, but succeeds in having the judgment reversed, he should apply for a reargument on that point.

Where the judgment of reversal is not a final determination of the rights of the parties, restitution of the money collected on the judgment reversed is not a matter of right, and on appeals from District Courts, in which there is no power in this court to order a new trial, but a new suit may be brought to which the judgment of reversal would not be a bar, the general term of this court which hears and decides the appeal is the proper branch of this court to decide the question of restitution, and the special term will not entertain the application.

MOTION by the defendant at special term to compel restitution by the plaintiff of moneys collected by him on an execution against the defendant on a judgment of the 7th District Court, which judgment was reversed on appeal by the general term of this court.

*Matthew L. Harney*, for the motion.

*Wm. H. McDougall*, opposed.

JOSEPH F. DALY, J.—Where the judgment of reversal is not final, it is not a matter of right to have restitution of moneys collected on the judgment reversed. (*Marvin* v. *The Brewster Iron M. Co.*, 56 N. Y. 671, and cases cited.) This is the rule in cases where the appellate court has power to order a new trial and does so. On appeal to the Court of Common Pleas from the District Courts of this city, there is no power to order a new trial; but the judgment of reversal, if not a final determination of the rights of the parties, is no bar to a new action by the respondent for the same cause. If the respondent have the right to begin a new action he would seem to occupy the same position as a plaintiff in courts of record, who is entitled by the judgment of reversal to a new trial; and the right of the appellant to restitution must be equally within the discretion of the appellate court. The question whether the judgment of reversal is final or not is for the general term which renders it to decide, and the appellant should apply at the time of arguing his appeal for restitution if the court decide to reverse the judgment against him. In case he omits to do so, but succeeds in having the judgment reversed, he should ask for a reargument on that point if entitled to it.

Motion denied with $10 costs.