THE MARKET NATIONAL BANK OF NEW YORK, Appellant, *v.* THE PACIFIC NATIONAL BANK, Respondent.

After the collection of a judgment in an action in the Supreme Court, it was vacated by the General Term. The order of General Term was affirmed, on appeal to this court. An order was entered at Special Term on the remittitur, making the order of this court that of the Supreme Court. *Held,* that a motion for restitution was properly made at General Term. (Code of Civ. Pro., § 1292.)

It is in the discretion of the court to deny such a motion on account of delay, and where it does not appear that its discretion was abused in refusing to deny on that ground, its order is not reviewable here.

It is not a ground of objection to an order of restitution that restitution is directed to be made to a receiver of the defendant.

Prior to the granting of such an order the receiver had commenced an action against plaintiff to recover the moneys collected, and also an action

against a corporation from whose possession plaintiff took the property levied upon and sold to satisfy the judgment. The order of restitution was granted on condition that these actions should be discontinued and the taxable costs therein paid by the receiver. *Held*, that the pendency of the actions did not preclude the defendant from making the motion, and it was within the discretion of the court to determine whether, notwithstanding them, the motion should be entertained and granted, and as plaintiff's rights were entirely protected, it had no cause for complaint.

(Argued April 27, 1886 ; decided June 1, 1886.)

APPEAL from an order of the General Term of the Supreme Court, in the first judicial department, made January 29, 1886, the nature of which as well as the material facts are stated in the opinion.

*S. B. Clarke* for respondent. The Supreme Court had power summarily to restore to the Pacific Bank what had been taken from it under that court's erroneous judgment and execution. (*Clark* v. *Pinny*, 6 Cow. 297 ; *Safford* v. *Stevens*, 2 Wend. 158, 164 ; *Bank of U. S.* v. *Bank*, 6 Pet. 17 ; Code, §§ 1323, 1292.) Application for restitution was properly made in the first instance to the General Term. (Code, § 2 ; *Murray* v. *Berdell*, 98 N. Y. 480.) The order of restitution rested in discretion, and, therefore, was not appealable. (*Halloway* v. *Stevens*, 58 N. Y. 670 ; affirming, 1 Hun, 308 ; *People* v. *Livingston*, 80 N. Y. 70 ; *Alden* v. *Lee*, 1 Yeates, 160, 270 ; *Marvin* v. *Mining Co.*, 56 N. Y. 671.)

*Abram Wakeman* for appellant. The receiver, not having been made a party to this action in any way, has no standing in court to make this motion. (*Tracy* v. *First Nat. Bk. of Salina*, 37 N. Y. 523–5 ; *In re Griswold*, 13 Barb. 412 ; *Ketcham* v. *Ketcham*, 1 Abb. [N. S.] 157 ; *Isham* v. *Ketcham*, 46 Barb. 43 ; *Ross* v. *Wigg*, 100 N. Y. 244.) Section 1292 of the Code extends only to judgments recovered against the parties to the action, and this motion, like any other motion, can only be made by a party to the same. (*Tracy* v. *First Nat. Bk.*, *supra* ; *Murray* v. *Berdell*, 98 N. Y. 480 ; *Ogara* v.

*Kearney*, 77 id. 480–3.) "The court" named as the tribunal to exercise the powers conferred by section 1292 was not the General Term of the Supreme Court, but the Special Term. (Rule 38, Code, § 768; *People* v. *Nichols*, 18 Hun, 535.)

EARL, J. The plaintiff attached the property of the defendant. A motion was made at Special Term to set aside the attachment which was denied. Judgment having been entered against the defendant, execution thereon was issued, and the plaintiff collected and received thereon, out of the attached property, upwards of $26,000. The defendant appealed to the General Term from the order of the Special Term refusing to vacate the attachment, and there the order of the Special Term was reversed, and the attachment, judgment and the levy under the attachment were vacated and set aside. The plaintiff appealed from the order of the General Term to this court, and here that order was affirmed, and the case was then remitted to the Supreme Court, and an order was entered at the Special Term on the 1st day of December, 1883, making the order of this court the order of the Supreme Court. In January, 1885, the defendant moved at the General Term of the Supreme Court for restitution of the money collected by the plaintiff of it, and the motion was granted, and the plaintiff then brought this appeal to this court.

Section 1292 of the Code provides: "When a judgment is set aside for any cause, upon motion, the court may direct and enforce restitution in like manner, with like effect and subject to the same conditions as when a judgment is reversed upon appeal."

The court meant in this section is the court which set aside the judgment, and hence this motion for restitution was properly made at the General Term, and the section is authority for the restitution ordered in this case.

There is no provision or rule of law which required this motion to be made sooner, or its denial on account of the delay. The court could, in the exercise of its discretion, have denied the motion on account of the delay, and left the defendant to

its action to recover back the money.    But we do not discover that the plaintiff suffered any harm by the delay, or that the court abused its discretion, and we have no power, therefore, to review it.

The objection that the receiver of the defendant could not make the motion is misconceived.    The motion was made by an attorney appearing for the defendant, and in the notice of motion he asked to have restitution made by payment to the receiver.    So that the motion is really made on behalf of both the defendant and its receiver; and the order of the General Term awarded restitution to the defendant, but that the payment in restitution should be made to the receiver.    This is the form of order asked for by defendant's attorney, and the plaintiff has no occasion to find fault with it in that respect.

It appears that the receiver of the defendant had commenced an action in the Circuit Court of the United States to recover the same money against the National Park Bank, from whose possession the plaintiff took it by the attachment and judgment in its favor, and also another action in the same court against the plaintiff to recover the same money.    The pendency of those actions did not preclude the defendant from making this motion, and it was within the discretion of the court to determine whether, notwithstanding their pendency, this motion should be entertained and granted, and when it granted it on condition that those actions should be discontinued and the taxable costs therein paid by the receiver, it sufficiently protected the rights of the plaintiff.    We see nothing in the terms upon which the order was granted of which the plaintiff can justly complain.

We are, therefore, of opinion that the order should be affirmed, with costs.

All concur.

Order affirmed.