LOUISA CARLSON, Respondent, *v.* MARIA L. WINTERSON, Appellant.

Under the provision of the Code of Civil Procedure (§ 1323) providing that "when a final judgment or order is reversed on appeal the appellate court or the General Term of the same court, as the case may be, may compel restitution of property," etc., when a judgment of the City Court of New York has been affirmed by the General Term of the court, but subsequently reversed by the General Term of the Court of Common Pleas and the case remitted to the City Court for a new trial, and when pending the appeals the property of the judgment debtor has been sold on execution, a motion for restitution may properly be made at the General Term of the City Court.

(Argued June 3, 1895; decided June 11, 1895.)

APPEAL from order of the General Term of the Court of Common Pleas for the city and county of New York, made February 5, 1895, which reversed an order of the General Term of the City Court of New York vacating and setting aside by virtue of an execution issued herein a sale by the sheriff of real estate which belonged to the defendant.

The facts, so far as material, are stated in the opinion.

*E. F. Bullard* for appellant. It is well settled that where a judgment is reversed, the court will promptly, as far as practicable, restore the party complaining to the possession of the land, and give him remedy for the money paid. (*Little*

v. *Little*, 94 N. C. 525; *Safford* v. *Stevens*, 2 Wend. 164; *Whitbeck* v. *Patterson*, 22 Barb. 83, 86; *Close* v. *Stuart*, 4 Wend. 98; Code Civ. Pro. § 1323; *Hayes* v. *Nourse*, 25 Abb. [N. C.] 95; *Wright* v. *Nostrand*, 109 N. Y. 616; *Genet* v. *D. & H. C. Co.*, 136 id. 217; *Heabler* v. *Myres*, 132 id. 363; *Murray* v. *Burdell*, 98 id. 480.)

*Hector M. Hitchings* for respondent. The General Term of the City Court was without jurisdiction to make the order of restitution. (Code Civ. Pro. §§ 323, 369; *M. N. Bank* v. *P. N. Bank*, 102 N. Y. 464; *Hayes* v. *Nourse*, 25 Abb. [N. C.] 96; *Young* v. *Brush*, 18 Abb. Pr. 171; *Coster* v. *Peters*, 7 Robt. 386; *Martin* v. *B. I. M. Co.*, 66 N. Y. 671; *Carlson* v. *Winterson*, 7 Misc. Rep. 689.) The order of the City Court was inequitable in that it set aside a sale under which important rights had accrued to other parties than the plaintiff. (*Woodcock* v. *Bennet*, 1 Cow. 711; *Wood* v. *Jackson*, 8 Wend. 9; *Lovett* v. *G. R. Church*, 12 Barb. 67; *Simpson* v. *Hombeck*, 3 Lans. 53; *Holden* v. *Sackett*, 12 Abb. Pr. 473.) The defendant has waived all rights under this motion by her subsequent motion to the Common Pleas, and upon the denial of that motion by bringing an action for restitution in which she has up to the present time been successful. (*Winterson* v. *Hitchings*, 10 Misc. Rep. 396.)

HAIGHT, J. The plaintiff recovered a judgment against the defendant for the sum of $637.15 in the City Court of New York, which was affirmed in the General Term of that court, but subsequently reversed in the General Term of the Court of Common Pleas. In the meantime the sheriff had sold for the sum of $711 certain real property of the defendant upon an execution issued upon the judgment to Hector M. Hitchings, the plaintiff's attorney, to whom the judgment had been assigned. No stay was procured pending the appeals. Upon the reversal of the judgment by the General Term of the Court of Common Pleas the case was remitted to the City Court for a new trial. Thereupon the defendant moved in the General Term of that court for an order setting

aside the sale of her real estate, which motion was granted ; but on appeal to the General Term of the Court of Common Pleas the order was reversed.

It is contended that the General Term of the City Court had no power to make the order.

Section 1323 of the Code of Civil Procedure provides that: " When a final judgment or order is reversed or modified, upon an appeal, the appellate court, or the General Term of the same court, as the case may be, may make or compel restitution of property, or of a right lost by means of an erroneous judgment or order ; but not so as to affect the title of a purchaser in good faith for value."

The language used is somewhat obscure. Under the old Code of Procedure, the appellate court was empowered to award restitution. Under the present Code, the words, " or the General Term of the same court, as the case may be," have been added. What do they mean ? Do they refer to the appellate court in which the judgment was reversed, or to the court in which the case has been remitted and is pending ? If they refer to the court that reversed the judgment, they are surplusage and add nothing to the section. The question of restitution cannot always be disposed of by the appellate court at the time of the reversal of the judgment. Restitution cannot be ordered " so as to affect the title of a purchaser in good faith and for value." The facts with reference to the good faith of the purchaser would not appear upon the record, and consequently they must be presented upon an independent motion. No reason is apparent why they may not be considered by the court to which the case has been remitted, without further burden to the appellate court, and we are inclined to the view that such was the intention and the reason for the insertion in the Code of the new provision. It follows that the motion may be made in the court that reverses the judgment, or it may be made at the General Term of the court to which the case has been remitted and is pending, if that court has a General Term. If not, the motion must be made in the court that reversed the judgment.

The provisions of this section of the Code have received some attention in *Market National Bank* v. *Pacific National Bank* (102 N. Y. 464); *Wright* v. *Nostrand* (100 id. 616); *Hayes* v. *Nourse* (25 Abb. [N. C.] 96), and other cases, but in none of them have the provisions been fully considered and the practice made clear. We have, therefore, thought it advisable to reconsider the subject in order that there may be no doubt in the future as to the court in which the motion for restitution should be made.

The respondent in the opposing affidavits shows that the defendant has no property other than that sold, and, upon information and belief, that she has conveyed her interest in that property. Full justice may be done the parties by a modification of the order.

The order of the General Term of the Court of Common Pleas should be reversed, and that of the General Term of the City Court modified, so as to vacate the sale upon the defendant paying into court the sum of $711 within such time as shall be fixed by that court, to abide the final determination of the action, without costs of this appeal to either party.

ll concur.

Ordered accordingly.