(20 Misc. Rep. 335.)

### BIEL v. RANDELL.

(Supreme Court, Appellate Term. May 28, 1897.)

COURTS—APPELLATE TERM—POWER TO ORDER RESTITUTION.

    The appellate term of the supreme court, which was constituted to hear appeals from the district courts of New York City (Rules App. Div. 1st Dept.; Const. 1895, art. 6, § 5), is the appellate court for causes heard in said district courts, within Code Civ. Proc. § 1323, which provides that, when a final judgment is reversed on appeal, "the appellate court" may compel restitution; and therefore the appellate term may compel restitution of money collected on a district court judgment, which was reversed by the court of common pleas before that court was abolished by the constitution of 1895.

Action by Abraham Biel against Katie Randell. Defendant moves appellant for restitution of $240, received by plaintiff on a judgment in this action rendered by the justice of the Fourth district court, on September 24, 1894, in favor of the respondent against the appellant, who was interpleaded in the said court in place of the United States Grand Lodge of the Independent Order of the Sons of Benjamin. Upon the interpleader being allowed, the grand lodge paid into court $240, being the fund in dispute, less $10, costs of interpleader. Upon recovering judgment, the plaintiff applied for, and received from the clerk of the court, the said sum of $240. The defendant obtained a reversal of the judgment on appeal therefrom to the court of common pleas, which ordered a new trial in the district court. The reversal was ordered in July, 1895, and the new trial was had December 16, 1895, resulting in a judgment in favor of the defendant for $249.50. A motion for restitution was then made by defendant at the special term of the common pleas, December 31, 1895, and denied, on the authority of Cushing v. Vanderbilt, 7 Daly, 512.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Alfred B. Jaworower, for the motion.

A. H. Berrick, opposed.

DALY, P. J. The question to be determined on this motion is whether the appellate term of the supreme court can order restitution of moneys collected upon a district court judgment which was reversed by the late court of common pleas. "When a final judgment or order is reversed or modified upon appeal, the appellate court or the general term of the same court, as the case may be, may make or compel restitution of property, or of a right lost by means of the erroneous judgment or order." Code, § 1323. The motion for restitution "may be made in the court that reversed the judgment, or it may be made at the general term of the court to which the case has been remitted and is pending, if that court has a general term. If not, the motion must be made in the court that reversed the judgment." Carlson v. Winterson, 146 N. Y. 345, 40 N. E. 995. As the district courts have no general term, the motion would necessarily have to be made in the common pleas, that being the appellate court; but as that court was abolished by the constitution from and after January 1, 1896, and all its powers and jurisdiction were vested in the supreme court, the latter, for the purposes of such a motion, must be deemed to be the appellate court, under the foregoing section of the Code; and the motion must be made at the appellate term. "The appellate division shall have the jurisdiction now exercised * * * by the general term of the court of common pleas for the city and county of New York, the superior court," etc. Const. art. 6, § 2. "The jurisdiction now exercised by the several courts hereby abolished shall be vested in the supreme court. Appeals from inferior and local courts now heard in the court of common pleas for the city and county of New York * * * shall be heard in the supreme court in such manner and by such justice or justices as the appellate division shall direct."

Const. art. 6, § 5.    The appellate term is constituted "for the hearing of appeals from the city court and the district courts of the city of New York." Rules App. Div. 1st Dept. By force of the above constitutional provisions, the supreme court undoubtedly succeeds to all the jurisdiction of the court of common pleas; and the creation of an appellate term to hear the appeals heretofore taken to the common pleas seems, by fair construction, to transfer to the latter tribunal all power in respect to such appeals which might be exercised by the general term of the court of common pleas, if it were now in existence.    The appellate term is now the appellate court of the district courts, and the successor of the general term. The supreme court, as the successor of the court of common pleas, would undoubtedly have the right to entertain the motion for restitution, and the exercise of the power is conferred by it upon the appellate term.

Respondent relies upon the case of Cushing v. Vanderbilt, 7 Daly, 512; but the refusal to order restitution in that case was based upon the want of power in the court at the time the motion was made, viz. March, 1878, to order new trials in the district court. It was suggested that the proper course for the appellant was to apply for a reargument of the appeal, and obtain an order for restitution, as part of the judgment of reversal.    But that course is unnecessary now, since the power to order a new trial was possessed and exercised by the common pleas when the reversal in this action was had and the new trial was ordered.    The remitting of the case to the district court for a new trial does not deprive the court of jurisdiction to entertain a motion for restitution, that power being independently conferred by the Code (section 1323).

Motion for restitution granted, with $10 costs.    All concur.

(Supreme Court, Appellate Division, First Department. June 11, 1897.)

