·(22 Misc. Rep. 745.)

### GARSIA v. BURCH.

(Supreme Court, Appellate Term. March 4, 1898.)

1. COURTS—BUSINESS OF COMMON PLEAS—TRANSFER.

> Whatever unfinished business remained in the general term of the court of common pleas when that court was abolished was, under Const. art. 6, § 2, and Laws 1895, c. 553, § 17, transferred to the appellate division of the supreme court.

2. SAME—ORDER OF AFFIRMANCE.

> In 1894 the general term of the court of common pleas affirmed a judgment, but the court ceased to exist as such before an order of affirmance had been entered. *Held*, on a motion made to the appellate term for settlement and entry of the order, that the motion must be dismissed for lack of power.

Action by Alfred C. Garsia against T. Hamilton Burch. Judgment for defendant in the general term of the common pleas. Motion for settlement and entry of order. Motion dismissed.

Argued before BEEKMAN, P. J., and GILDERSLEEVE and GIE-GERICH, JJ.

James W. Hawes, for plaintiff.
Fromme Bros., for defendant.

PER CURIAM. This action was brought in the district court of the city of New York for the Sixth judicial district. Upon a trial, judgment was awarded in favor of the defendant, from which judgment an appeal was taken to the general term of the court of common pleas for the city and county of New York. The minutes of the general term show that on the 5th day of February, 1894, an opinion was rendered by Mr. Justice Bookstaver, which was concurred in by the other justices sitting at that term, directing an affirmance of the judgment, with costs. Through some inadvertence, no order of affirmance was ever entered, and this motion is now made to the·appellate term for the settlement and entry of such an order.

We think that the objection to our authority to entertain this motion is well taken. Until an order of affirmance should be entered, the matter was still pending in the general term of the court of common pleas, and was therefore undisposed of business of that branch of the court at the time when the consolidation of the court took place. By section 2, art. 6, of the constitution, it is provided, among other things, that "from and after the last day of December, 1895, the appellate division shall have the jurisdiction now exercised by the supreme court at its general terms, and by the general terms of the court of common pleas for the city and county of New York," etc. This constitutional provision was supplemented by an act of the

legislature entitled "An act in relation to the supreme court in the First judicial district and the appellate division thereof in the First department." Laws 1895, c. 553. By section 17 of that act it is provided that "all the powers conferred by law upon the general term of the supreme court in the First judicial department, upon the general term of the superior court of the city of New York and upon the general term of the court of common pleas for the city and county of New York, are conferred upon and vested in the appellate division of the supreme court in the First department. And all the powers conferred by law upon the supreme court in the First judicial district, upon the superior court of the city of New York and upon the court of common pleas for the city and county of New York, other than as courts of first instance in actions and special proceedings, are also conferred upon and vested in said appellate division."

It seems plain, therefore, that whatever unfinished business remained in the general term of the court of common pleas at the time that court was abolished was transferred to the appellate division of the supreme court. The appellate term (so called) of the supreme court exists by virtue of an exercise of authority conferred by the constitution upon the appellate division (article 6, § 5), which provides that "appeals from inferior and local courts now heard in the court of common pleas for the city and county of New York and the superior court of Buffalo shall be heard in the supreme court in such manner and by such justice or justices as the appellate divisions in the respective departments which include New York and Buffalo shall direct, unless otherwise provided by the legislature." The appellate division in the First department has made its designation of three justices to hear such appeals, and has made rules governing their action. We are unable to discover any authority conferred upon us to take any action giving formal effect to a decision upon an appeal which was not taken to the supreme court, and which was not heard by us. The decision in the case of Biel v. Randell, 20 Misc. Rep. 335, 45 N. Y. Supp. 892, was based upon an entirely different state of facts. Relief should be sought at the appellate division in this department, which has succeeded to the powers of the general term of the court of common pleas. The motion must therefore be dismissed for lack of power.

Motion dismissed.

