Louise Carlson, Respondent, *v.* Maria L. Winterson, Appellant.

1. Trial — Unanswered Question to Jurors. A ruling, excepted to, overruling an objection to a party's asking the jurors called in the case whether the fact that his principal witness had served a term of imprisonment would prejudice them against believing him, does not present any question for review where it does not appear that the jurors, or either of them, made any answer to the question, or that any challenge was interposed in consequence of any information derived from the question.

2. Evidence — Repetition of Objection. When, on a trial, a question to a witness has been excluded upon an objection of incompetency, which stated the grounds thereof, an objection interposed to a repetition of the same question will support an exclusion thereof, although it omitted to re-state the ground of objection, when it is apparent that the ground once stated must have been understood as applying to each question.

3. Evidence — Impeachment of Witness. One called to discredit a witness is not competent to testify as to his general reputation and whether or not he would believe him under oath, without first showing knowledge of such reputation.

4. Evidence — Impeachment of Witness. Where, upon cross-examination of a witness, it appears that he has been confined in a penitentiary, it is proper to show on his re-direct examination the nature of the crime for which he was imprisoned.

Reported below, 10 Misc. Rep. 388.

(Argued November 27, 1895; decided December 10, 1895.)

APPEAL from judgment of the General Term of the Court of Common Pleas for the city and county of New York, entered upon an order made December 3, 1894, which affirmed an order and a judgment of the General Term of the City Court of New York affirming a judgment in favor of plaintiff entered upon a verdict and an order denying defendant's motion for a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*E. F. Bullard* for appellant. The court erred in allowing the plaintiff's counsel to commit the jury to believe his witness, although he was a criminal. (*Fortune* v. *Trainor*, 47 N. Y. S. R. 58.) The court erred in rejecting the evidence of the witness Forwood offered to impeach Tengzelius. (*Sleeper* v. *Van Middlesworth*, 4 Den. 431; *Rathbun* v. *Ross*, 46 Barb. 127; *N. Bank* v. *Scriven*, 44 N. Y. S. R. 331; *Stevens* v. *Rodger*, 25 Hun, 54; *Wright* v. *Page*, 3 Keyes, 581; *Wehrkamp* v. *Willet*, 4 Abb. Ct. App. Dec. 548, 556.)

*Hector M. Hitchings* for respondent. The trial court committed no error in allowing the question propounded to the jury. (2 R. S. 701, § 23; Code Civ. Pro. §§ 832, 1180; Penal Code, § 714; *People* v. *McGloin*, 91 N. Y. 241; *People* v. *Chapleau*, 121 N. Y. 276; *People* v. *O'Neil*, 109 N. Y. 251; *People* v. *Carpenter*, 102 N. Y. 138; *People* v. *Buddensieck*, 103 N. Y. 497.) No error was made in rejecting the evidence of the witness Forwood. (*Cheritree* v. *Roggen*, 58 Barb. 124; *Curtis* v. *Fay*, 37 Barb. 64, 69; 1 Rice on Ev. 626, 629; *Healy* v. *Terry*, 9 N. Y. Supp. 519; *Wright* v. *Paige*, 3 Keyes, 587; *Dilleber* v. *H. L. Ins. Co.*, 69 N. Y. 260; *Corning* v. *Corning*, 6 N. Y. 104; *People* v. *Greenwall*, 108 N. Y. 301.) The court committed no error in allowing Tengzelius to explain for what he had been arrested. (*Kaufman* v. *Schoeffel*, 37 Hun, 143; *Simmons* v. *Havens*, 101 N. Y. 427.)

HAIGHT, J. This action was brought to recover the amount of a promissory note for five hundred dollars, with the interest

that had accrued thereon. The defense is that the note was a forgery.

It is claimed on behalf of the plaintiff that the defendant employed one E. O. Tengzelius to investigate the financial standing of one Collingwood, against whom the defendant had a claim for nine thousand dollars. That she gave him the note in question in advance of his performing the services, under an agreement that he would return the note in the event of his not doing any work on the case. He thereupon transferred the note to the plaintiff in payment of an antecedent indebtedness, and subsequently reported to the defendant to the effect that he had made inquiry in reference to the property held by Collingwood, and that the same was in his daughter's name. The defendant denies that she ever signed the note in question, or any other note, for Tengzelius, but that she had a talk with him, and agreed if he would collect the claim against Collingwood she would pay him five hundred dollars out of the money collected. The jury found a verdict for the plaintiff, and the judgment entered thereon has been affirmed in the General Terms of the City Court and of the Court of Common Pleas.

We confess we have grave doubts as to the justice of this claim, and we cannot escape the suspicion that an old lady has been tricked and defrauded. But we have discovered no way in which we can interfere. The evidence was conflicting. Tengzelius swore that the note was signed by the defendant in his presence. She testified that it was not. Questions as to the weight of evidence are with the trial court and the General Term, and the responsibility for the correct determination of the facts rests upon those courts. We are limited to a review of the law.

After the jurors were called the plaintiff's counsel stated that the plaintiff's principal witness (referring to Tengzelius) had served a term in the penitentiary, and asked the jurors whether that fact would prejudice them against believing him if his testimony in other respects appeared trustworthy, or was corroborated by other evidence. The defendant's counsel

interposed an objection, which was overruled and an exception taken. We are now asked to reverse the judgment because of this ruling. But it does not appear to us to present any question which we can consider, for the reason that it does not appear that the jurors or either of them made any answer to the question, or that any challenges were interposed, either peremptory or otherwise, in consequence of any information derived from such question.

One Forwood was sworn as a witness for the defendant, and testified that he was in business with the Atlas steamers and knew Tengzelius; had seen him in their company many years ago, and supposed he was with them two or three years. He was then asked to give his general reputation. This was objected to by the plaintiff's counsel as irrelevant, incompetent and immaterial unless confined to veracity, and that no foundation had been laid. The court remarked that after ascertaining whether the witness has knowledge as to Tengzelius' reputation for truth and veracity in the community where he resides, the defendant might ask him as to such reputation, but that the defendant must first show that the witness knows such reputation. The same question was then repeated by counsel. The plaintiff still objecting, the objection was sustained and an exception taken. When the question was renewed the plaintiff, in interposing his objection, did not repeat as a ground that no foundation had been laid showing the witness' competency to speak as to character. But this ground was distinctly stated in the objection first stated, upon which the court had made its ruling and under which the evidence was excluded, and a repetition of the question or the grounds of objections appear to us to have been unnecessary.

The witness was again asked whether, from the general reputation of Tengzelius, he would believe him under oath. This was objected to upon the ground that no foundation had been laid, and the objection was sustained. And again he was asked as to what his general reputation was as to moral character. This was again objected to, but the afore-men-

tioned ground was not repeated. The objection was sustained and an exception taken.

These questions succeeded each other in the order named, and the ground of the objection, we think, must have been understood as applying to each. (*Dilleber* v. *Home Life Insurance Company*, 69 N. Y. 256–260.)

Forwood had not testified that he knew the general reputation of Tengzelius. He had not, therefore, qualified himself to answer the question objected to, and the court had the right to exclude his answers for this reason. It is true the court in its remarks went a step further and stated that the witness should show his knowledge as to the reputation of Tengzelius for *truth and veracity*. But this remark of the court, we think, did not excuse the defendant from showing that his witness was qualified to answer the question propounded in order to make her exception available.

In 2 Phillips on Evidence, 432, it is said : " The regular mode of examining into the general character of a witness is by inquiring of the witnesses who are called to impeach it whether they have the means of knowing his general character, and whether with such knowledge they would believe him on his oath."

Greenleaf, in his work upon Evidence, in section 461, says : " In impeaching the credit of a witness the examination must be confined to his general reputation.   \*   \*   \*   The regular mode of examining into the general reputation is to inquire of the witness whether he knows the general reputation of the person in question among his neighbors, and what that reputation is." (See *Sleeper* v. *Van Middlesworth*, 4 Denio, 431 ; *Curtis* v. *Fay*, 37 Barb. 64–69.)

Upon the cross-examination of the plaintiff's witness, Tengzelius, it was made to appear that he had been imprisoned in the penitentiary of Kings county for nine months. Upon the re-direct examination, he was permitted to testify as to the nature of the crime for which he was imprisoned. We think this was proper. No other question is presented which requires attention. It follows that the judgment must be affirmed.

As to the motion pending before us to amend the remittitur on a former appeal (146 N. Y. 345), it now appears that the real estate of the defendant has been again sold upon an execution issued upon the judgment here under review. The defendant should have the statutory time to redeem, and she ought not to be deprived of that right by reason of the sale that was made under the former judgment which was reversed. The remittitur should, therefore, be amended by striking out that portion which modified the order of the General Term of the City Court, by requiring the payment into court of the sum of $711, to abide the final determination of the action.

All concur.

Judgment affirmed.