### JENCKS v. LEHIGH VAL. R. CO.

(Supreme Court, Appellate Division, Third Department.  September 23, 1898.)

RAILROADS—CROSSING ACCIDENTS—PRESUMPTION AS TO CONTRIBUTORY NEGLIGENCE.

> Deceased was killed by a train at a crossing. It was not shown that he looked or listened for a train. When a signal was given 600 feet from the crossing, he could have seen the approaching train. *Held*, that a nonsuit was proper, because deceased was not shown to be free from contributory negligence.

Appeal from trial term, Rensselaer county.

Action by Mary F. Jencks, administratrix, etc., of Leroy Jencks, deceased, against the Lehigh Valley Railroad Company. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before PARKER, P. J., and LANDON, HERRICK, MERWIN, and PUTNAM, JJ.

Diven & Redfield (George M. Diven, of counsel), for appellant.

Halliday & Denton (S. D. Halliday, of counsel), for respondent.

PER CURIAM. To authorize a recovery, the plaintiff was compelled to show, by direct proof or circumstances, the absence of negligence on the part of the deceased. No presumption arises from the happening of the injury, and the proof of the defendant's negligence, that the deceased was free from blame. Weston v. City of Troy, 139 N. Y. 281, 34 N. E. 780. "Where the circumstances point as much to the negligence of the deceased as to its absence, or point in neither direction, a nonsuit should be granted." Wiwirowski v. Railway Co., 124 N. Y. 420–425, 26 N. E. 1023; Cordell v. Railroad Co., 75 N. Y. 330.

We do not deem it necessary to discuss the evidence in this case. It was not shown that the deceased looked or listened when approaching the railroad crossing, or took any precautions whatever. When the crossing signal was given, about 600 feet from the place of the accident, as claimed by the learned counsel for the respondent, the evidence indicates that the plaintiff's intestate, had he looked, could have seen the approaching train. The remarks in the opinion in Cullen v. Canal Co., 113 N. Y. 667, 21 N. E. 716, apply: "There is no evidence that the intestate did look or listen. On the contrary, the strong inference from the evidence is that he neither looked nor listened, and there is no reasonable ground for the supposition that he was in a position where he had to choose between imminent perils, and that he could not have escaped one without encountering the other." We are inclined to think that the evidence indicated negligence on the part of the deceased. But, if not, it certainly failed to show the absence of contributory negligence on his part, and hence the defendant's motion for a nonsuit should have been granted. See Stopp v. Railroad Co., 80 Hun, 178, 29 N. Y. Supp. 1008.

The judgment should be reversed, and a new trial granted, costs to abide the event.