EMILY BRUGHER, Respondent, v. HERMAN BUCHTENKIRCH, Appellant.

NEGLIGENCE — INJURIES SUSTAINED IN DARK HALLWAY OF APARTMENT HOUSE — CONTRIBUTORY NEGLIGENCE. One who upon visiting an apartment house on business with a tenant, in which he has never been before and which was not subject to the provisions of section 9, chapter 567 of the Laws of 1895, requiring certain halls in tenement houses to be kept lighted during specified hours of the day, and who on ringing the bell is admitted by a mechanical contrivance without being met by any person at the door, and when trying to pass along a dark hallway, the plan of which was not unusual or extraordinary, falls down a short flight of steps at the rear end thereof, cannot maintain an action against the owner on account of his failure to have the hallway lighted, since his failure to light it does not constitute negligence on his part, and the attempt of the visitor to pass along a strange hallway without being able to see where he is going, unless under some special stress of circumstances, constitutes contributory negligence.

*Brugher* v. *Buchtenkirch*, 39 App. Div. 502, reversed.

(Argued April 4, 1901; decided May 14, 1901.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, made April 7, 1899, reversing a judgment in favor of defendant entered upon a dismissal of the complaint by the court at a Trial Term and granting a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Edward W. S. Johnston* and *Lewis S. Goebel* for appellant. There is no duty resting upon the owner of an apartment house to light the halls and stairways of such apartment. (*Halpin* v. *Townsend*, 2 City Ct. Rep. 417; 107 N. Y. 683; *Muller* v. *Minken*, 5 Misc. Rep. 444; *Harkin* v. *Crumbie*, 20 Misc. Rep. 569; *Nadel* v. *Fichten*, 34 App. Div. 189.) The plaintiff failed to show that this hallway was constructed in any unusual, unexpected and exceptional manner, or that it was dangerous without a light, or that the defendant was negligent in not having it lighted at the time of the plaintiff's accident. (*Richardson* v. *Boston*, 156 Mass. 145; *Glassheim* v. *N. Y. E. P. Co.*, 13 Misc. Rep. 176; *Millie* v. *M. Ry. Co.*, 5 Misc. Rep. 302; *Muller* v. *Minken*, 5 Misc. Rep. 444; *Henkel* v. *Murr*, 31 Hun, 30; *Jucht* v. *Behrens*, 26 N. Y. S. R. 690; *Tolland* v. *P. F. Co.*, 56 N. E. Rep. 608; *McCabe* v. *Kastens*, 11 Misc. Rep. 272.) The plaintiff failed to show that she was free from contributory negligence in entering this hall, into which she had never been before, and going back into the hallway, into a place where, as she said, she could not see the floor or where she was going. (*Halpin* v. *Townsend*, 2 City Ct. Rep. 417; 107 N. Y. 683; *Hilsenbeck* v. *Guhring*, 131 N. Y. 675; *Black* v. *Hoe*, N. Y. L. J. Feb. 14, 1898, p. 1381; *Gleeson* v. *Brummer*, 87 Hun, 465; *Parker* v. *P. P. Co.*, 69 Me. 173; *Forsyth* v. *B. & A. R. R. Co.*, 103 Mass. 513; *Gleason* v. *Boehm*, 34 Atl. Rep. 887; 58 N. J. Law, 475; 32 L. R. A. 645; *Kammerer* v. *Gallagher*, 58 Ill. App. 561.)

*Edwin B. Root* and *Charles De Hart Brower* for respondent. Where a hallway is cut off from natural light so as to be dark in full daylight, failure on the part of the landlord to supply artificial light is negligence. (*O'Sullivan* v. *Norwood*, 14 Daly, 286; *Marwadel* v. *Cook*, 28 N. E. Rep. 140; *Spies* v. *Michelsen*, 2 App. Div. 226.) It appears clearly from the

evidence that plaintiff was free from contributory negligence. (*Hilsenbeck* v. *Guhring*, 131 N. Y. 674; *Newson* v. *N. Y. C. R. R. Co.*, 29 N. Y. 383; *Sunderlin* v. *Hollister*, 4 App. Div. 478; *Kenney* v. *Rhinelander*, 28 App. Div. 246; 163 N. Y. 576; *Lendle* v. *Robinson*, 53 App. Div. 141; *Brown* v. *Wittner*, 43 App. Div. 135; *Eastland* v. *Clarke*, 165 N. Y. 420.)

CULLEN, J.   The action is to recover damages for injuries claimed to have been suffered by the plaintiff through the negligence of the defendant, who at the time was the owner of an apartment house in the city of New York.   The plaintiff on November 25th, 1895, went to the butcher shop of one Lutz and found the shop closed, with a card on the door upon which was written: " Residence, 216 East 84th Street." Thereupon she went to the building designated, which was the apartment house of the defendant.   She rang the bell and the door was opened by some mechanical contrivance, no one coming to meet her.   Then she entered the hallway, which she testifies was so dark that she could not see the floor, and proceeded back some distance till she came to a flight of steps, down which she fell and met with the injuries for which she sought to recover.   The negligence charged upon the defendant is the failure to keep this hall so lighted that the plaintiff could have discovered the steps.   On the trial it was a disputed fact whether the gas was burning in the hall at the time of the plaintiff's injury, or not.   The trial court, over the plaintiff's objection and exception, excluded evidence tending to show that it was the custom to turn the gas off in the cellar of the house every morning.   At the close of all the evidence the trial court dismissed the complaint.   The Appellate Division, by a divided court, reversed this judgment on the ground that the exclusion of the evidence of custom was erroneous.

We shall not discuss the point on which the learned Appellate Division decided the case, as in our judgment no cause of action was made out, even if it be assumed that the gas was not

lighted at the time of the accident. It is not contended on behalf of the plaintiff, nor charged in the complaint, that the building fell within the provisions of section 9, chapter 567, Laws of 1895, which require that certain halls in tenement houses shall be kept lighted during specified times of the day, and it is conceded that, apart from the statute, ordinarily there is no obligation on the part of the owner of a building to keep hallways lighted. (*Hilsenbeck* v. *Guhring*, 131 N. Y. 674; *Halpin* v. *Townsend*, 2 City Court Reps. 417; affirmed, 107 N. Y. 683; *Gorman* v. *White*, 19 App. Div. 324.) But it is insisted that the construction of the hallway, while not dangerous in itself, was so peculiar and unusual as to constitute a source of danger in case the hallway was insufficiently lighted. The hall was on the ground floor opening on the street. At the street end it terminated in a vestibule with two doors. The outer door was open in the daytime and the upper panel of the inner door was of glass. Above the outer door was a glass transom. The hall was three feet and a half wide at the vestibule, but as it ran to the rear it increased in width, and at a distance of twenty feet from the vestibule door there was a flight of stairs leading to the upper floors. The hall continued past the newel post of these stairs a distance of about eight feet to three steps leading to the rear hall. It was this short flight on which the plaintiff fell. She testified that on entering the hall she could just perceive, by the light from the open door, the newel post of the stairway in the back of the hall and also a little light coming through a transom over a door still further in the rear. It was to this door that she intended to go. There was no evidence in the case that the plan of this hall was unusual or extraordinary. The presence of stairways leading either to higher or to lower stories must be expected in hallways, and we know of no reason or custom which justifies one entering a strange house in assuming that the hall will continue at the same level. This short flight of steps constituted no reasonable source of danger to any one who took proper precautions to see where he was stepping. It was in no way similar to a hatchway or

elevator shaft nor even to the usual steep flight of steps lead-ing into a cellar.    It was a bright clear day when the plaintiff entered the building, and it may very well be that coming from the sunlight outside into the comparative darkness of the hallway at first she could not see at all, though it appears that the witness who went to her relief on the occurrence of the accident had no difficulty in seeing her and the surroundings. But whatever may be the reason that the plaintiff was unable to perceive the condition of the hall, that inability imposed upon her the duty of exercising greater caution or of refrain-ing from proceeding further in the building without first find-ing out where she might safely go.    One is not justified, unless under some special stress of circumstances, in going on a tour of discovery in a strange building when it is so dark that he is unable to see  where he is  going or  with what obstructions he may meet.    The case of *Piper* v. *N. Y. C. & H. R. R. R. Co.* (156 N. Y. 224) is exactly in point.  It was there said :  " The plaintiff was guilty of contributory neg-ligence, in utterly failing to use that prudence which was especially incumbent upon him under the circumstances of the situation.    The darkness called upon him to use it, and had he done so, the accident could not, within any reasonable probability, have happened.    A person whose power of vision is temporarily obstructed by some supervening  condition, should take the greater care and should, if it be possible, await its passing away.    If he neglects to  proceed cautiously, he must accept the consequences of his undue precipitation."    We are of opinion that the plaintiff failed  to prove either element of her cause of action, the negligence of the defendant, or her freedom from contributory negligence.

The order of the Appellate Division should be reversed and judgment on the nonsuit at Trial Term affirmed, with costs.

PARKER, Ch. J., GRAY, O'BRIEN, HAIGHT, LANDON and WERNER, JJ., concur.

Ordered accordingly.