## STURMWALD v. SCHREIBER et al.

(Supreme Court, Appellate Division, Second Department. March 7, 1902.)

1. NEGLIGENCE—DANGEROUS PREMISES—EVIDENCE—VIOLATION OF ORDINANCE.
   Evidence of a violation of a city ordinance is relevant to the question of negligence.

2. SAME—OPENINGS IN SIDEWALK—LIABILITY OF LANDLORD—QUESTION FOR JURY.
   Plaintiff, a traveler on the sidewalk, was injured by falling through a defective covering over cellar steps of premises owned by defendant. Defendant denied liability on the ground that the first floor and basement were rented to a tenant, who by his lease was required to make repairs. Defendant testified that he employed a janitor, who used the cellar steps to remove the ashes for the tenants, and that the janitor and the tenant of the first floor had the exclusive use of the cellar door and steps. Held, that defendant's liability was a question for the jury.

3. SAME—PEDESTRIAN—NEGLIGENCE PER SE.
   Where a cellar opening projected 4 feet and 10 inches beyond the building line, into the lines of the sidewalk, and was set in a stone platform a few inches higher than the rest of such walk, a pedestrian was not guilty of negligence per se in stepping on a defective cover of the opening.

4. WITNESS—KNOWLEDGE OF REPUTATION—EXAMINATION.
   The mere fact that a witness knows a man does not imply knowledge of his reputation, so as to render the witness competent to testify as to such reputation.

5. SAME—IMPEACHMENT—FORM OF INQUIRY.
   Where, in an attempt to impeach plaintiff, a witness was not shown to have known plaintiff's general reputation, a question as to whether witness would believe plaintiff on oath was properly overruled.

6. NEGLIGENCE—REPAIRS OF DEFECTS—EVIDENCE.
   Where a pedestrian is injured by falling through a defective covering of an opening in a sidewalk, evidence that the covering was repaired before and not after the accident is admissible.

Appeal from trial term, Kings county.

Action by Charles Sturmwald against Henry W. Schreiber and George J. Schreiber. From a judgment for plaintiff, and an order denying a new trial, defendants appeal. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

William W. Butcher, for appellants.
James D. Bell, for respondent.

JENKS, J. This action is based upon the failure of the defendants to provide and to maintain a safe and a secure covering to their

cellar steps. On the night of September 1, 1899, the plaintiff, a traveler on the sidewalk in front of the premises of the defendants, stepped upon the covering and fell through it. There was evidence which warranted the jury in finding that the covering of the door was defective and out of repair, and that the defendants had notice.

The learned counsel for the appellants contends that, while the plaintiff complained in negligence, one of the grounds of his recovery was that the defendants had violated a statute, and thereby had made and had maintained a nuisance. The record does not sustain him. It does appear that the plaintiff sought to read in evidence certain statutes and ordinances, but they were excluded under objection. Thereupon the plaintiff offered in evidence an ordinance of the city of Brooklyn, but it does not appear that objection was made, or, indeed, that the ordinance was read in evidence. Even if the record showed the contrary, it is established that evidence of a violation of a city ordinance is relevant to the question of negligence. McGrath v. Railroad Co., 63 N. Y. 522, 530; McCambley v. Railroad Co., 32 App. Div. 346, 52 N. Y. Supp. 849. The learned trial justice (Betts, J.) did not submit the case on any theory save that of negligence. No requests to charge were submitted to the court by the defendants, and no exception was taken to the charge, save upon a single proposition, foreign to the question now under consideration.

The premises in question was a tenement house, rented out in apartments. The learned counsel for the appellants contends that there was no liability upon his clients, because the first floor and basement of the house were rented to a tenant, who, by the terms of his lease, was required to make repairs. But the defendant testifies that he kept a janitor, who looked after the house,—who took care of it; that there were five families in the house, all of whom went by an inside door into the cellar to put ashes therein, but that the janitor always took the ashes out into the street for the tenants, and used the cellar door in question for such purpose; that Rubin (the said tenant) and the janitor had exclusive use of such door; and that the exclusive use was not in Rubin. I think that this testimony was sufficient to make the question of the liability of the defendants as owners one for the jury. Jennings v. Van Schaick, 108 N. Y. 530, 534, 15 N. E. 424, 2 Am. St. Rep. 459.

It is also contended that the plaintiff was guilty of contributory negligence, as a matter of law. The cases cited by the learned counsel for the appellants may be discriminated. In Brugher v. Buchtenkirch, 167 N. Y. 153, 60 N. E. 420, the plaintiff entered private premises in business for the tenant, and the principle applied was:

"One is not justified, unless under some special stress of circumstances, in going on a tour of discovery in a strange building when it is so dark that he is unable to see where he is going, or with what obstructions he may meet."

Wiwirowski v. Railway Co., 124 N. Y. 420, 26 N. E. 1023, and Getman v. Railroad Co., 162 N. Y. 21, 56 N. E. 553, were cases in which accidents were caused by attempts to cross railroad tracks;

and in McGuire v. Spence, 91 N. Y. 303, 305, 43 Am. Rep. 668, the court, per Finch, J., say:

"For 'negligence' is a relative term, and depends upon the degree of care necessary in a given case. He who approaches a railroad crossing approaches a place of danger, and he must look and listen, for he is bound to anticipate a possible harm. But one who passes along a sidewalk has a right to presume it to be safe. He is not called upon to anticipate danger, and is not negligent for not being on his guard."

In Dubois v. City of Kingston, 102 N. Y. 219, 6 N. E. 273, 55 Am. Rep. 804, the court remarked that the evidence tended strictly to show that the plaintiff was guilty of contributory negligence, for there was abundant room for him to pass without running against the stepping stone, when a very small portion of its end obstructed the sidewalk; having also held that such stone, when located on the edge of a sidewalk in front of a public building was almost a necessity,—was not a nuisance or an obstruction. In Weston v. City of Troy, 139 N. Y. 281, 34 N. E. 780, the plaintiff stepped upon a ridge of ice, which the court said was plainly visible, and was shown to be a dangerous obstruction. In Whalen v. Gaslight Co., 151 N. Y. 70, 45 N. E. 363, the plaintiff voluntarily and unnecessarily stepped over a large flagstone which had been removed, incidental to the work of digging a trench. But in the case at bar the defendants maintained a cellar opening which projected 4 feet and 10 inches beyond the building, into the lines of the sidewalk. The fact that the opening was set in a stone platform a few inches higher than the other part of the sidewalk does not relieve the defendants. This construction was a part of the sidewalk, and it was not negligence per se for the plaintiff to continue on his way, so as to cross this covering. The court in Weston v. City of Troy, supra, in considering the ridge of ice, say:

"If she [the plaintiff] discovered the ridge, she was not required to leave the sidewalk, but she might, without being subjected to the charge of negligence, using due care, have kept on her way. But she could not heedlessly disregard the precautions which the obvious situation suggested, and proceed as though the sidewalk was free and unobstructed."

But further, the defendants had covered this opening so as to admit passage across it, and to this extent there was an invitation, and the plaintiff was entitled to the presumption that the sidewalk as thus constructed was safe. Moreover, he was not injured by the stone platform, but had passed onto that in safety.

Our attention is called to many rulings upon the evidence. It is not necessary to review them all in detail. If the defendants were entitled to show that they dispossessed the former janitor and his wife, who were called against him, suffice it to say that the janitor theretofore had admitted that one of the defendants took the place of janitor away from him, and that he (the witness) did "not feel very well towards" him.

The court did not err in its rulings upon the attempt to impeach the plaintiff. The record shows that the defendants called Mary Eberth, who testified:

"My name is Mary Eberth. I live at 336 Boerum street. I lived in the neighborhood of Mr. Sturmwald once. I moved now 16 months. I have

moved there. I lived 23 years in Hoffman street. I know him very well. Q. What is his general reputation in the neighborhood,—good or bad? (Objected to as incompetent, irrelevant, and immaterial.) Defendants' Counsel: I am talking about September 1st and now. (Objected to on the ground that the reputation must be at the time the witness testifies, in order to impeach the testimony. Objection sustained)."

The witness continued:

"I now live from Mr. Sturmwald about ten blocks. I am only ten blocks away from him. I live at 336 Boerum street, and sixteen months ago I lived in the same neighborhood with him. Q. Now, I want to know what his reputation in the neighborhood is,—good or bad? (Objected to as incompetent, irrelevant, and immaterial, and that it does not appear that the witness knows. Objection sustained. Exception taken.) Q. Would you believe him under oath? (Objected to as incompetent, irrelevant, and immaterial. Objection sustained. Exception taken)."

The vice in the examination was that the learned counsel asked for information before he established knowledge. The regular form of inquiry is first to elicit knowledge of the witness and then to inquire. Carlson v. Winterson, 147 N. Y. 652, 656, 42 N. E. 347. The mere fact that the witness knew the man did not imply that she knew his reputation. And it must be borne in mind that the witness was called to attack, not to sustain, the credit of the plaintiff, inasmuch as there is a distinction, which is stated in People v. Seldner, 62 App. Div. 357, 363, 71 N. Y. Supp. 35, so that the doctrine of Bank v. Scriven, 63 Hun, 375, 18 N. Y. Supp. 277, and of People v. Davis, 21 Wend. 309, does not apply. I may add that the objection of the respondent that the reputation must be that of the time when the witness testifies was of doubtful validity. Chase, Steph. Ev. (2d Ed.) p. 336, and note; Dollner v. Lintz, 84 N. Y. 669; Graham v. Chrystal, 2 Abb. Dec. 263; Sleeper v. Van Middlesworth, 4 Denio, 431. It will be seen that twice in the course of the discussion the attention of the counsel for the defendants was directed to the point that it did not appear that the witness had testified that she knew the general reputation of the plaintiff. So far as the last question is concerned, if that had been put to a sustaining and not to an attacking witness, there are authorities ut supra (notably that in 21 Wend.) which would have admitted such question; but the citation of the rule in Phillips on Evidence in Carlson v. Winterson, supra, would seem to indicate that the testimony as to the credit to be given to the oath must be founded upon knowledge of general character.

It was undoubtedly proper for the defendants to show that a defect in the covering had been repaired before, and not after, the accident; but a careful reading of the testimony of Laux shows that the court finally put the question, "Was it before or after?" and overruled the objection, and that the witness answered: "It is two years ago. I can't recall the time when that was." In view of the testimony stricken out, it may possibly be argued that the witness did not understand the question, but nevertheless the question is plain upon the record. The subsequent question ruled out was but a repetition of that put by the court. I think that the case was for

the jury, and that the verdict should not be disturbed, either for its result, or for the amount of the damages found.

The judgment and order should be affirmed, with costs. All concur.