LICHTENSTEIN, Respondent, v. O'CONNELL, Appellant. (Supreme Court, Appellate Term. May, 1902.) Action by Harry W. Lichtenstein against William O'Connell. Nathaniel Cohen, for appellant. M. C. Katz, for respondent.

PER CURIAM. This action is brought to recover on two promissory notes. The answer admitted the making of the notes, but sets up as a defense that the sole consideration for the notes was an indebtedness to one Matthew Lauram, incurred in a game of chance, to wit,

"a bet or wager at a race track, and contingent upon the running of a horse there." On the trial the plaintiff testified that said Lauram gave him two checks to collect against the defendant, that the defendant did not pay the said checks, and that after some negotiations he (the plaintiff) said to the defendant: " 'You make out your two notes to my order, and I will deliver up these checks of Mr. Lauram to you.' And the defendant said he would, and he did. I then receipted the two checks that were in my possession, previously given to me by Mr. Lauram for collection, and receipted them as having been paid by the acceptance of these two notes already offered in evidence." On rebuttal, after having again testified substantially as above, he added: " 'You give me a couple of notes to my order, and I will take care of this obligation and pay it myself.' He said to me: 'If you will pay Mr. Lauram the two checks which you have there, I will make out two notes to your order.' " And thereupon the two notes in suit were made out, and the checks above mentioned were surrendered to the defendant. The defendant endeavored to show that his indebtedness to Mr. Lauram arose through betting on a horse. In fact, he did testify that it was a bet on the result of a horse race; but this testimony was stricken out on motion of the plaintiff's counsel, and the defendant duly excepted. On cross-examination of the plaintiff, when he was called in rebuttal, he was asked if he had ever paid the checks mentioned. This question was objected to by the plaintiff, and the objection was sustained, and the defendant excepted. We are of the opinion that the rulings above mentioned were erroneous. If the plaintiff never paid anything for the notes, he certainly was not a holder for value. There is in the case no evidence that he ever did pay anything for the notes, and therefore the defendant should have been allowed to show that the notes were given for an indebtedness growing out of a gambling transaction. The trial justice also erred in allowing a witness to impeach the defendant's testimony by testifying to specific acts of misconduct on the part of the defendant. See Carlson v. Winterson, 10 Misc. Rep. 390, 31 N. Y. Supp. 430, affirmed 147 N. Y. 652, 42 N. E. 347. Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event.