**SOMMER v. SOMMER et al.** (Supreme Court, Appellate Division, First Department. October 17, 1902.) Action by Helena Sommer against Frederick W. Sommer and another. No opinion. Motion denied.

---

**SOMMER v. SOMMER et al.** (Supreme Court, Appellate Division, First Department. October 24, 1902.) Action by Helena Sommer against Frederick W. Sommer and another. No opinion. Motion denied, with $10 costs.

---

**SPENCER, Appellant, v. NATIONAL WALL PLASTER CO. OF AMERICA,** Respondent. (Supreme Court, Appellate Division, Fourth Department. October 14, 1902.) Action by William J. Spencer against the National Wall Plaster Company of America. No opinion. Judgment affirmed, with costs.

---

**In re SPENCER PLACE.** (Supreme Court, Appellate Division, First Department. November 21, 1902.) Motion by the commissioners of estimate and assessment for an order taxing fees and costs in a proceeding by the city of New York to acquire title to Spencer Place. From a judgment in favor of petitioners, the city appeals. Reversed. John P. Dunn, for appellant. John F. O'Ryan, for respondent.

PER CURIAM. For the reasons stated in the opinion in Re Spofford Ave. (herewith decided) 78 N. Y. Supp. 726, this order must be reversed, and the motion sent back for a rehearing at special term, without costs to either party on this appeal.

---

**SPIRA et al., Respondents, v. HOLOSCHUTZ, Appellant.** (Supreme Court, Appellate Term. May, 1902.) Action by Joachim Spira and another against Isaac Holoschutz. Aaronstamm & Chorosh, for appellant. Krakower & Peters, for respondents.

PER CURIAM. The credibility of the witness Kornreich was a material question. A witness was called by the defendant, who testified that he knew Kornreich, and that he also knew many people in his (Kornreich's) community who knew Kornreich. He was then asked, "Do you know what reputation he has in his community as to truth and veracity?" This question was objected to as immaterial, incompetent, and irrelevant, and the objection was sustained. To this ruling the defendant excepted. We are of the opinion that the trial justice erred in excluding this evidence. "The rule," said Mr. Justice William L. Marcy, in the case of People v. Mather, 4 Wend. 229–257, 21 Am. Dec. 122, "which, everything considered, has been found safest on this subject, is to allow general evidence to be given of a general character. Starkie says that the proper question to be put to a witness who is called to impeach another is whether he would believe him on oath. Phillips states that the mode of inquiry is to ask the witnesses whether they have the means of knowing the general character of the former witness, and whether, from such knowledge, they would believe him on oath. When general evidence of this nature is given, impeaching the credit of a witness, the opposite party may go into a cross-examination to ascertain the grounds of the unfavorable opinions, and in doing that he may interrogate the witnesses as to their opportunities of knowing the character of the impeached witness, how long and how generally the unfavorable reports have prevailed, and from what particular individuals they have heard them. This range of cross-examination would seem to be sufficient to enable the party calling the impeached witness to show, if such was the fact, that the imputed bad character was artificial, and created to answer a particular purpose." The object of these questions is to show that a "witness is unworthy of belief, from an habitual disregard to the law of truth, as collected by his neighbors from general report and his general conduct." People v. Rector, 19 Wend. 579. All that is necessary for a party to an action to do in order to impeach the testimony of an adverse witness is to show by an impeaching witness that he (the impeaching witness) knows the general reputation for truth and veracity of the witness, whose testimony it is sought to impeach, in the community in which the witness resides. If the impeaching witness says that he does know such reputation, he may then be asked what that reputation is, and, if he says that it is not good, he may be asked whether from such knowledge he would believe such witness on his oath. Carlson v. Winterson, 147 N. Y. 656, 42 N. E. 347. See, also, Steph. Law Ev. (Chase's Am. Ed.) 334. The rule above laid down was violated by the trial justice in excluding the question, "Do you know what reputation he has in his community as to truth and veracity." Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event.

---

**SPRAGUE, Appellant, v. CITY OF NEW YORK, Respondent.** (Supreme Court, Appellate Division, Second Department. October 3, 1902.) Action by S. Foster Sprague against the city of New York.

PER CURIAM. This case differs radically from any of those relied upon in support of the motion. Here the learned justice who tried the cause adopted the short form of decision sanctioned by the Code, and fully complied with its requirements by stating the grounds of such decision therein. In Baker v. Moore, 88 Hun, 458, 34 N. Y. Supp. 874, there was no fact found, nor any conclusion of law stated, nor any grounds of the decision set forth, as required by the statute. In Shaffer v. Martin, 20 App. Div. 304, 46 N. Y. Supp. 992, the decision was also defective, in that it failed to state concisely the grounds upon which the issues had been decided. Under such circumstances, the court unquestionably had power to send the case back to special term, in order