CHARLES STURMWALD, Respondent, *v.* HENRY W. SCHREIBER and GEORGE J. SCHREIBER, Appellants.

*Negligence — injury from falling through a trapdoor on a sidewalk — liability of the owner where the tenant has not the exclusive use of it — a question for the jury — effect of a raised platform about the door — violation of a city ordinance — impeachment of a witness' character.*

In an action, brought against the owners of a tenement house, in front of which was a cellar opening, projecting four feet and ten inches into the lines of the sidewalk, to recover damages sustained by the plaintiff, who, while walking along the sidewalk, stepped upon and fell through the cellar door, which, to the knowledge of defendants, had become defective through lack of repair, the fact that the first floor and basement of the house were rented to a tenant who by the terms of his lease was required to make repairs, does not relieve the owners from liability, where there is evidence tending to show that the tenant did not have the exclusive use of the cellar door, and that it was used by the janitor of the building in taking out ashes.

In such a case the question as to the liability of the defendants, as owners, is one for the jury.

The fact that the cellar opening was set in a stone platform, a few inches higher than the other part of the sidewalk, does not establish that the plaintiff was guilty of contributory negligence, as matter of law, in stepping upon the cover.

*Semble,* that evidence that the defendants violated a city ordinance is competent on the question whether they were negligent.

A witness, called by the defendants, who testifies that she knows the plaintiff very well and that she lived in the neighborhood of the plaintiff about sixteen months before the trial and at the time of the trial lived about ten blocks away from him, and who does not state that she knows the plaintiff's general reputation in the neighborhood, is not competent to testify as to whether such general reputation is good or bad.

*Quære,* whether the rule would be different if the witness were called for the purpose of sustaining the credit of the plaintiff, and whether the witness is obliged to testify to the plaintiff's reputation as of the time of the trial.

APPEAL by the defendants, Henry W. Schreiber and another, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 28th day of June, 1901, upon the verdict of a jury for $1,100, and also from an order entered in said clerk's office on the 10th day of July, 1901, denying the defendants' motion for a new trial made upon the minutes.

*William W. Butcher*, for the appellants.

*James D. Bell*, for the respondent.

Jenks, J. :

This action is based upon the failure of the defendants to provide and to maintain a safe and a secure covering to their cellar steps. On the night of September 1, 1899, the plaintiff, a traveler on the sidewalk in front of the premises of the defendants, stepped upon the covering and fell through it. There was evidence which warranted the jury in finding that the covering of the cellar steps was defective and out of repair, and that the defendants had notice.

The learned counsel for the appellants contends that while the plaintiff complained in negligence, one of the grounds of his recovery was that the defendants had violated a statute and thereby had made and had maintained a nuisance. The record does not sustain him. It does appear that the plaintiff sought to read in evidence certain statutes and ordinances, but they were excluded under objection. Thereupon the plaintiff offered in evidence an ordinance of the city of Brooklyn, but it does not appear that objection was made, or, indeed, that the ordinance was read in evidence. Even if the record showed the contrary, it is established that evidence of a violation of a city ordinance is relevant to the question of negligence. (*McGrath* v. *N. Y. C. & H. R. R. R. Co.*, 63 N. Y. 522, 530; *McCambley* v. *Staten Island M. R. R. Co.*, 32 App. Div. 346.) The learned trial justice, Betts, J., did not submit the case on any theory save that of negligence. No requests to charge were submitted to the court by the defendants, and no exception was taken to the charge save upon a single proposition foreign to the question now under consideration.

The premises in question was a tenement house rented out in apartments. The learned counsel for the appellants contends that there was no liability upon his clients because the first floor and basement of the house were rented to a tenant, who, by the terms of his lease, was required to make repairs. But the defendant testifies that he kept a janitor who looked after the house, who took care of it; that there were five families in the house, all of whom went by an inside door into the cellar to put ashes therein, but that the janitor always took the ashes out into the street for the

tenants and used the cellar door in question for such purpose; that Rubin, the said tenant, *and the janitor* had exclusive use of such door, and that the exclusive use was not in Rubin. I think that this testimony was sufficient to make the question of the liability of the defendants as owners one for the jury. (*Jennings* v. *Van Schaick*, 108 N. Y. 530, 534.)

It is also contended that the plaintiff was guilty of contributory negligence as a matter of law. The cases cited by the learned counsel for the appellants may be discriminated. In *Brugher* v. *Buchtenkirch* (167 N. Y. 153) the plaintiff entered private premises on business for the tenant, and the principle applied was: "One is not justified, unless under some special stress of circumstances, in going on a tour of discovery in a strange building when it is so dark that he is unable to see where he is going or with what obstructions he may meet." *Wiwirowski* v. *Lake Shore & M. S. R. Co.* (124 N. Y. 420), and *Getman* v. *D., L. & W. R. R. Co.* (162 id. 21) were cases in which accidents were caused by attempts to cross railroad tracks, and in *McGuire* v. *Spence* (91 N. Y. 303, 305) the court, per FINCH, J., say: "For negligence is a relative term, and depends upon the degree of care necessary in a given case. He who approaches a railroad crossing approaches a place of danger, and he must look and listen, for he is bound to anticipate a possible harm. But one who passes along a sidewalk has a right to presume it to be safe. He is not called upon to anticipate danger, and is not negligent for not being on his guard." In *Dubois* v. *City of Kingston* (102 N. Y. 219) the court remarked that the evidence tended strictly to show that the plaintiff was guilty of contributory negligence, for there was abundant room for him to pass without *running* against the stepping stone, when a very small portion of its end obstructed the sidewalk, having also held that such stone when located on the edge of a sidewalk in front of a public building was almost a necessity, and not a nuisance or an obstruction. In *Weston* v. *City of Troy* (139 N. Y. 281) the plaintiff stepped upon a ridge of ice, which the court said was plainly visible and was shown to be a dangerous obstruction. In *Whalen* v. *Citizens' Gas Light Co.* (151 N. Y. 70) the plaintiff voluntarily and unnecessarily stepped over a large flagstone which had been removed incidental to the work of digging a trench. But in the case at bar

the defendants maintained a cellar opening which projected four feet and ten inches beyond the building into the lines of the sidewalk. The fact that the opening was set in a stone platform a few inches higher than the other part of the sidewalk does not relieve the defendants. This construction was a part of the sidewalk, and it was not negligence *per se* for the plaintiff to continue on his way so as to cross this covering. The court, in *Weston* v. *City of Troy* (*supra*), in considering the ridge of ice, say : " If she (the plaintiff) discovered the ridge, she was not required to leave the sidewalk, but she might, without being subjected to the charge of negligence, using due care, have kept on her way. But she could not heedlessly disregard the precautions which the obvious situation suggested, and proceed as though the sidewalk was free and unobstructed." But, further, the defendants had covered this opening so as to admit passage across it, and to this extent there was an invitation, and the plaintiff was entitled to the presumption that the sidewalk as thus constructed was safe. Moreover, he was not injured by the stone platform, but had passed on to that in safety.

Our attention is called to many rulings upon the evidence. It is not necessary to review them all in detail. If the defendants were entitled to show that they dispossessed the former janitor and his wife, who were called against them, suffice it to say that the janitor theretofore had admitted that one of the defendants took the place of janitor away from him, and that he (the witness) did not " feel very good towards " him. The court did not err in its rulings upon the attempt to impeach the plaintiff. The record shows that the defendants called Mary Eberth, who testified : " My name is Mary Eberth. I live at 336 * Boerum Street. I lived in the neighborhood of Mr. Sturmwald once. I moved now sixteen months. I have moved there. I lived twenty-three years in Hoffman Street. I know him very well. Q. What is his general reputation in the neighborhood ; good or bad ? Objected to as incompetent, irrelevant and immaterial. (Defendants' counsel): I am talking about September first and now. Objected to on the ground that the reputation must be at the time the witness testifies in order to impeach the testimony ; objection sustained." The witness continued : " I now live from Mr. Sturmwald about ten blocks. I am only ten blocks

---

\* *Sic.*

away from him. I live at 236 * Boerum Street, and sixteen months ago I lived in the same neighborhood with him. Q. Now I want to know what his reputation in the neighborhood is; good or bad? Objected to as incompetent, irrelevant, immaterial, and that it does not appear that the witness knows; objection sustained; exception taken. * * * Q. Would you believe him under oath? Objected to as incompetent, irrelevant and immaterial; objection sustained; exception taken." The vice in the examination was that the learned counsel asked for information before he established knowledge. The regular form of inquiry is first to elicit knowledge of the witness and then to inquire. (*Carlson* v. *Winterson*, 147 N. Y. 652, 656.) The mere fact that the witness knew the man did not imply that she knew his reputation. And it must be borne in mind that the witness was called to attack, not to sustain, the credit of the plaintiff, inasmuch as there is a distinction (which is stated in *People* v. *Seldner*, 62 App. Div. 357, 363), so that the doctrine of *National Bank of Troy* v. *Scriven* (63 Hun, 375) and of *People* v. *Davis* (21 Wend. 309) does not apply. I may add that the objection of the respondent that the reputation must be that of the time when the witness testifies, was of doubtful validity. (Chase's Steph. Dig. Ev. [2d ed.] 336 and note; *Dollner* v. *Lintz*, 84 N. Y. 669; *Graham* v. *Chrystal*, 2 Abb. Ct. App. Dec. 263; *Sleeper* v. *Van Middlesworth*, 4 Den. 431.) It will be seen that twice in the course of the discussion the attention of the counsel for the defendants was directed to the point that it did not appear that the witness had testified that she knew the general reputation of the plaintiff, So far as the last question is concerned, if that had been put to a sustaining and not to an attacking witness, there are authorities *ut supra*, notably that in the 21st of Wendell, which would have admitted it, but the citation of the rule from Phillipps on Evidence, in *Carlson* v. *Winterson* (*supra*), would seem to indicate that the testimony as to the credit to be given to the oath must be founded upon knowledge of general character.

It was undoubtedly proper for the defendants to show that a defect in the covering had been repaired before and not after the accident, but a careful reading of the testimony of Laux shows that the court finally put the question: " Was it before or after," overruling

---

* *Sic.*

the objection, and that the witness answered: "It is two years ago and I can't recall the time when that was." In view of the testimony stricken out, it may plausibly be argued that the witness did not understand the question, but, nevertheless, it is plain upon the record. The subsequent question ruled out was but a repetition of that put by the court. I think that the case was for the jury, and that the verdict should not be disturbed, either for its result or for the amount of the damages found.

The judgment and order should be affirmed, with costs.

All concurred.

Judgment and order unanimously affirmed, with costs.