HARRY B. ELMENDORF, Respondent, *v.* GEORGE W. ROSS, Appellant.

Third Department, July 1, 1927.

Witnesses — impeachment — not proper to ask impeaching witness "Would you believe her under oath" — error for judge to limit questions — error to charge that impeachment was not complete — husband and wife — alienation of affections — plaintiff's testimony was to effect that defendant stopped at schoolhouse where plaintiff's wife taught, to see her — error to exclude testimony of defendant that he stopped to see children — case was close and errors were prejudicial to defendant.

After an impeaching witness testifies that he knows the reputation of a witness who is being impeached for truth and veracity in the neighborhood in which she resides, and that such reputation is bad, it is not proper to ask the impeaching witness "Would you believe her under oath." The proper question would be, whether the witness from his knowledge of her reputation would believe her under oath.

It was error for the court, in sustaining the objection to the question as asked, to state, "I will permit the defendant's attorney to put this question to this witness or to any other witness that he claims is an impeaching witness, judging from the speech of people in a case in which the witness was interested would you believe her when sworn as a witness as soon as you would men in general, and I exclude all other testimony as incompetent and immaterial." In limiting the defendant to the question as framed by the court, and excluding all other testimony, the court was in error.

It was error for the court to charge that the defendant did not fully complete an attempted impeachment, and that the impeachment was only a partial one, for, even with the examination as intercepted by the court, it was for the jury to say whether or not the impeachment was complete.

This is an action for the alienation of the affections of the plaintiff's wife. The plaintiff, having introduced evidence to the effect that the defendant stopped at the schoolhouse, at which the plaintiff's wife was teaching, for the purpose of visiting with her, it was error for the court to exclude testimony on the part of the defendant that he stopped at the schoolhouse to see the scholars and that on prior occasions when others were teaching, he had also stopped there for a similar purpose.

In view of the fact that the case is a very close one, the errors are prejudicial and call for a reversal of the judgment and the granting of a new trial.

APPEAL by the defendant, George W. Ross, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Ulster on the 4th day of April, 1927, upon the verdict of a jury for $13,500, and also from an order entered in said clerk's office on the 6th day of April, 1927, denying defendant's motion for a new trial made upon the minutes.

*Woollard & Cogan [Louis J. Rezzemini* and *William E. Woollard* of counsel], for the appellant.

*Brinnier & Canfield [Palmer Canfield* of counsel], for the respondent.

PER CURIAM. This action is for alienation of affections of plaintiff's wife. The veracity of an important witness for the plaintiff was attacked. Several impeaching witnesses after testifying that they knew the reputation of the witness for truth and veracity in the neighborhood in which she resided and that such reputation was bad were asked: " Would you believe her under oath? " On objection thereto the court ruled as follows: " I will permit the defendant's attorney to put this question to this witness or to any other witness that he claims is an impeaching witness, judging from the speech of people in a case in which the witness was interested would you believe her when sworn as a witness as soon as you would men in general, and I exclude all other testimony as incompetent and immaterial." The particular question above quoted was improper, but in limiting the defendant to the question as framed by the court and excluding all other testimony the court was clearly in error. The witnesses might properly have been asked whether from their knowledge of her reputation they would believe her under oath. It would also have been proper to have made other inquiries of impeaching witnesses. (*Carlson* v. *Winterson*, 147 N. Y. 652, 656; *Johnson* v. *People*, 3 Hill, 178; *Adams* v. *Greenwich Ins. Co.*, 70 N. Y. 166, 170; *People* v. *Rector*, 19 Wend. 569, 580; *People* v. *Davis*, 21 id. 309, 315.) The court by its ruling foreclosed all efforts by the defendant along proper lines of examination.

It was error for the court to charge the jury that the defendant " did not fully complete an attempted impeachment " and " that the impeachment at the best, if it was any impeachment, was solely a partial one." Even with the examination of the witnesses intercepted as it was by the court we think it was for the jury to say whether or not the impeachment was complete. Enough had been shown to complete the impeachment according to Greenleaf in his work on Evidence. cited with approval in *Carlson* v. *Winterson* (147 N. Y. 652, 656).

Another material error appears in the record. The plaintiff's wife taught a district school. Plaintiff showed that on different occasions defendant stopped at the schoolhouse, as plaintiff claimed, to see the teacher. Defendant claimed he stopped there to see the scholars, and endeavored to show that on prior occasions when others were teaching school he had also stopped there for a like purpose. This evidence was excluded. It would have tended to overcome the plaintiff's contention that the defendant had an improper motive in calling at the school when plaintiff's wife was the teacher.

In some cases errors such as are above pointed out might be

overlooked, but this case is not so clear that they may be disregarded, particularly in view of the fact that the impeached witness probably gave the strongest testimony against defendant. For that reason the impeaching testimony was of much more than usual importance. Had the defendant been permitted to pursue his inquiries along legal lines we cannot say that the result would have been the same. The case is sufficiently close so that we think the errors above pointed out may not be disregarded.

The judgment and order should be reversed on the law and a new trial granted, with costs to the appellant to abide the event.

COCHRANE, P. J., HINMAN, McCANN, DAVIS and WHITMYER, JJ., concur.

Judgment and order reversed on the law and new trial granted, with costs to the appellant to abide the event.